No. 23709.

WILLIE HOWARD SWIFT $v.$ THE PEOPLE OF THE
STATE OF COLORADO.
(488 P.2d 80)

Decided April 12, 1971.     Rehearing granted June 1, 1971.

LOVE, COLE, MURPHY, HERBERT, HECOX & TOLLEY, LAW-RENCE A. HECOX, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, E. RONALD BEEKS, Assistant, JAMES F. PAMP, Assistant, for defendant in error.

*In Department.*

Opinion by J. ROBERT MILLER, District Judge.*

THE plaintiff in error, herein referred to as the defendant, was convicted of assault with intent to murder. The same jury in a separate proceeding determined that he had previously been convicted of a felony on three different occasions. The court sentenced him to life imprisonment as an habitual criminal under C.R.S. 1963, 39-13-1. The conviction and sentencing were previously affirmed in *Swift v. People,* 171 Colo. 178, 465 P.2d 391 (1970).

In the interim, the United States Supreme Court decided *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), in which it was held that if a defendant was not represented by counsel at a previous trial in which he was convicted of a felony, such conviction could not be used in sentencing him under an habitual criminal statute.

The defendant then filed a motion in the trial court under Crim. P. 35(b) to have his sentence vacated on the grounds that he had not been represented by counsel at his previous trials and convictions, as required by *Burgett, supra.* After two hearings, the trial court reaffirmed its original sentence of life imprisonment,

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.

finding that the defendant had been represented at each previous trial. We affirm.

In *Burgett,* the Supreme Court had no occasion to discuss procedures to be followed when a defendant questions the constitutional validity of a prior conviction offered in evidence by the prosecution. But in *United States v. Martinez,* 413 F.2d 61, the Court held that the rationale of *Burgett* requires the district court to conduct a hearing to ascertain the constitutional validity of such prior convictions. *United States v. Thoresen,* 428 F.2d 654.

Defendant contends that he was entitled to a jury determination of the issue of whether he was represented by counsel in the trials on his previous convictions.

Under the Habitual Criminal Act, it is the jury's function to determine whether the defendant has been previously convicted. *Routa v. People,* 117 Colo. 564, 192 P.2d 436 (1948). Whether such previous convictions were constitutionally procured involves a question of law for the court. In addition, under Crim. P. 35(b), the trial court determines all issues of fact and law.

One of the previous convictions upon which the habitual criminal conviction was predicated had taken place in New Mexico. It was in that proceeding that the defendant contends that he was without counsel. It appears from the record, however, that he was represented by counsel at all stages except sentencing. It may be that his constitutional rights were violated by reason of the absence of counsel at sentencing, as it appears from the record that he thought erroneously that the maximum sentence under the law was smaller than that which he had received. But any violation would relate only to that sentence and his remedy would therefore lie in New Mexico. Under C.R.S. 1963, 39-13-1 *et seq.* the punishment as an habitual criminal is based upon prior *convictions,* and the amount or validity of *sentence* under a valid conviction is immaterial.

Judgment affirmed.

Mr. Justice Hodges, Mr. Justice Groves and Mr. Justice Lee concur.

## ON PETITION FOR REHEARING.

On petition for rehearing, *en banc*, with Mr. Justice Day and Mr. Justice Hodges not participating. Mr. Justice Groves delivered the opinion of the Court.

The defendant was sentenced under the Habitual Criminal Act, the jury having found that he had been thrice previously convicted of felonies. The record disclosed that, as to one of these convictions (in New Mexico), he was without counsel at the time of sentencing. We announced an opinion on March 22, 1971, reversing and remanding to the trial court for resentencing under the authority of *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Under the remand the court was not to consider the New Mexico conviction.

Thereafter the Attorney General filed a petition for rehearing presenting the point that the matter of sentencing was not a part of the "conviction," contemplated by our Habitual Criminal Act, C.R.S. 1963, 39-13-1 *et seq.* Without acting upon the petition for rehearing, we withdrew the original opinion and an opinion written by District Judge Robert Miller was announced on April 12, 1971. This basically accepted the Attorney General's position and affirmed the sentence of the trial court.

The defendant then filed a petition for rehearing, calling attention to the fact that the question of whether the sentence was a part of the "conviction" was first raised on the Attorney General's petition for rehearing and the defendant had not had an opportunity to present his argument on the point. We granted the defendant's petition for rehearing and briefs have been filed on the isssue.

The only matter now presented, which we have not previously considered, is the effect of Crim. P. 32(c) which provides in part, "A judgment of conviction shall

consist of a recital of the plea, the verdict or findings, the sentence, and cost[s] if any are awarded against the defendant." Our Rules of Criminal Procedure were adopted in 1961. Our Habitual Criminal Act was adopted in 1945. It does not use the term "judgment of conviction," but rather refers to previous "conviction" and persons previously "convicted."

We, therefore, must determine the legislative intent in using the term. Since the rule definition of "judgment of conviction" was not in existence at the time the General Assembly adopted the Habitual Criminal Act, we are convinced that the legislature in employing the words "conviction" and "convicted" intended to use them in their popular sense, *i.e.*, a verdict of guilty or a plea of guilty.

"In the restricted or technical legal sense in which it is sometimes used, the word 'conviction' includes the status of being guilty of, and sentenced for, a criminal offense, whether that status is established after confession of guilt by a guilty plea or after determination by a jury verdict upon an assertion of innocence. Stated otherwise technically the word means the final consummation of the prosecution against the accused including the judgment or sentence rendered pursuant to an ascertainment of his guilt.

"In its general and popular sense and frequently in its ordinary legal sense, the word 'conviction' is used in the sense of establishment of guilt prior to and independently of judgment and sentence by a verdict of guilty or a plea of guilty. [Citing cases.]" *State v. Hanna,* 179 N.W.2d 503 (Iowa 1970).

The opinion written by Judge Miller as announced on April 12, 1971, is adhered to and the judgment of the trial court is affirmed.