## No. 27255

**The People of the State of Colorado v. The District Court in and for the Twentieth Judicial District of the State of Colorado and Rex H. Scott, one of the Judges thereof**

(554 P.2d 1105)

Decided September 27, 1976. Opinion modified and as modified rehearing denied October 18, 1976.

Robert L. Russell, District Attorney, Anthony A. Johnson, Deputy, for petitioner.

Jeffrey I. Tompkins, George C. Wing, for respondents.

William F. Reynard, Robert Tabor Booms, for American Civil Liberties Union Foundation of Colorado, Inc., amicus curiae.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Gene Beville, Deputy, amicus curiae.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

In this original proceeding the People seek relief from an order of the respondent court. Freddie Lee Glenn is charged in the respondent court with first degree murder of Winford Proffit and is awaiting trial. In March and May of this year he was found guilty of first-degree murder in two other cases in the District Court of El Paso County. The order complained of prevents use of the results of those first two cases in a sentencing hearing to be held in the event that Glenn is found guilty of first-degree murder in the respondent court. The respondent judge predicated his ruling upon the fact that both of the first two murder cases are on appeals which have not been determined. We issued a rule to show cause. Now, having before us the respondent's answer and the briefs of those appearing here, we make the rule absolute.

Each of the three charges of first-degree murder against Glenn was filed in the District Court of El Paso County. In the first case, Glenn was found guilty of the murder of Daniel Howard Van Lone, and on March 19, 1976, he was sentenced to life imprisonment. In the second case he was found guilty of the murder of Karen Elisa Grammar, and on May 7, 1976, he was sentenced to death. The venue of the third case, the one now under consideration, was changed to the District Court of Boulder County, from which the order complained of issued.

In 1974 section 16-11-103, C.R.S. 1973 (1975 Supp.) was enacted. Colo. Sess. Laws 1974 ch. 52, 39-11-103 at 252-253. This statute provides that after a defendant is found guilty of a "class 1 felony" (which includes murder in the first degree), a sentencing hearing shall be conducted before the trial jury. If the jury finds that there are mitigating factors as set forth in the statute, the defendant shall be sentenced to life imprisonment. The statute further provides that, if the jury finds that there are no mitigating factors and one or more aggravating factors, the defendant shall be sentenced to death. The statute sets forth aggravating factors, one of which is that the "defendant has previously been convicted by a court of this . . . state . . . of an offense for which a sentence of life imprisonment or death was imposed under the laws of this state . . . ."

As mentioned, the first two cases are pending on appeal. The question before the respondent court, and us, was and is whether the term "convicted" as used in the statute defining aggravating circumstances means a judgment of conviction in the trial court, or whether it means a final determination of conviction after appeal. As the respondent judge noted, there are a variety of definitions of the term "conviction." For an exposition on this point, see *People v. Enlow*, 135 Colo. 249, 310 P.2d 539 (1957). The interpretation of this statute in this connection is of first impression. We recognize that there are a number of authorities which hold that the term "conviction" involves a judgment in all its finality following appeal or appeals. Under the situation here, we feel impelled to hold otherwise.

In the statute under consideration the legislative intent is apparent that the term "convicted" means convicted upon trial. If a sentencing hearing were to be postponed until all appeals of another case or cases had been finally determined, the resulting situation would be chaotic. Further, the statute provides that the sentencing hearing should be before the same jury which tried the defendant's guilt. Obviously, an empanelled jury cannot be held in cold storage for thawing out and use years later.

In addition to the foregoing reasons, mention should be made that at the time of this enactment Crim. P. 32(c) was in effect. It provides:

"(c) Judgment. A judgment of conviction shall consist of a recital of the plea, the verdict or findings, the sentence, and cost if any are awarded against the defendant."

Moreover, we can assume that the General Assembly was cognizant with *Swift v. People*, 174 Colo. 259 at 263, 488 P.2d 80 (1971), in which we quoted *State v. Hanna*, 179 N.W.2d 503 (Iowa 1970) as follows:

"'In its general and popular sense and frequently in its ordinary legal sense, the word ''conviction'' is used in the sense of establishment of guilt prior to and independently of judgment and sentence by a verdict of guilty or a plea of guilty.'"

It is asserted that irreparable harm will result if, assuming that in respondent court Glenn is found guilty of first-degree murder and sentenced to death, later there are reversals of the convictions in the other cases. Not so.

Let us assume that (1) Glenn will be convicted in the respondent court; (2) evidence of the results of the other two cases is admitted at the sentencing hearing; (3) he is sentenced to death in the respondent court; and (4) then one or both of the judgments in the other two cases is or are reversed. Obviously, when there is such a judgment in the respondent court and a motion for a new trial has been denied, Glenn will appeal. It can be anticipated that one of the grounds for appeal will be the possibility of reversal of one or both of the first two cases. Under C.A.R. 8.1(a)(1) the death sentence will be stayed. In that posture, it is inconceivable that a decision on review will be reached until after there are final judgments in the other two cases.

Rule made absolute.