**No. 27406**

**The People of the State of Colorado v. The District Court in and for the Tenth Judicial District, State of Colorado, and the Honorable Thomas F. Phelps, one of the District Judges in and for the Tenth Judicial District, State of Colorado and Dennis Joseph Montoya**

(559 P.2d 235)

Decided January 31, 1977.

J. E. Losavio, Jr., District Attorney, James A. Lowe, Deputy, for petitioner.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Terri L. Brake, Deputy, James Dostal, Deputy, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

The district attorney brings this original proceeding to challenge the district court's dismissal of an habitual criminal charge against Dennis Joseph Montoya. The respondent district court predicated its dismissal upon its determination that the prior conviction alleged in the charge was not yet final because an appeal was pending. We issued a rule to show cause why this habitual criminal charge should not be reinstated and we now make the rule absolute.

The sole issue here is whether a guilty verdict that has withstood a motion for new trial and for which a defendant has been sentenced can be used as a prior conviction for purposes of bringing an habitual criminal charge against a defendant in conjunction with a later felony charge.

In *People v. District Court*, 191 Colo. 558, 554 P.2d 1105 (1976), we held that an earlier judgment of conviction which is on appeal is a "previous conviction" and can be considered as an aggravating factor by a jury in the determination of whether a defendant is to be sentenced to death. The rationale we used in that case is equally applicable to the sentencing procedure under the habitual criminal act where prior convictions are also considered as aggravating factors for increased punishment. *See People v. Goff*, 187 Colo. 57, 530 P.2d 512 (1974), wherein we held that a previous conviction may be used for impeachment purposes when it has withstood a motion for new trial and a sentence has been imposed.

Our resolution of this issue does not foreclose a convicted defendant from later challenging the enhanced sentence resulting from the habitual criminal charge if, in fact, a prior conviction is reversed.

Also, it is self-evident that the legislature intended the term "prior conviction" to include those judgments of conviction that are on appeal. Section 16-13-101, C.R.S. 1973, states that every person convicted of a

felony who has been previously convicted of two other felonies shall be adjudged an habitual criminal. If prior convictions on appeal were not included, many recent felony convictions might be effectively exempted from the operation of the statute. This would be clearly inconsistent with the obvious purpose of the statute, which is to punish repeat offenders.

Rule made absolute.