**Christopher WHITTLESEY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 5155.**

Supreme Court of Alaska.

Nov. 28, 1980.

Michael F. Ford, Baxter & Douglas Law Offices, Juneau, for appellant.

Michael A. Thompson, Asst. Dist. Atty., Patrick J. Gullufsen, Dist. Atty., and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

MATTHEWS, Justice.

Christopher Whittlesey has appealed from a sentence imposed after a forgery conviction.[1] As a commercial fisherman, he had forged numerous fish ticket receipts in 1977, resulting in substantial losses to a fish processor.

The sentence in the case was initially meted out by the sentencing judge at a hearing held on July 9, 1979, some two years after the offense. The oral rendition of sentence was reduced to a written judgment on that same day. An amended judgment, altering the sentence, was entered on August 2, 1979. Each of the three statements of the sentence is different.

At the sentencing hearing on July 9, the court stated:

1. *See* former AS 11.25.020.

I'm going to accept [probation officer] Mr. Hubby's basic recommendation, and that is that you be committed to the commissioner of the Department of Health and Social Services for 7 years. However, after that it will be part company—Mr. Hubby and I do. I am going to order that all of that sentence be suspended on the following conditions. It will be suspended for five years, and for the next five years you will serve between September 1 and March 1 in jail. Between March 1 and September 1 of each year you will earn $3,000 either fishing or by some other suitable employment because I'm going to set your restitution schedule at $3,000 a year for the next five years for a total of 15.

We interpret this to mean that the court intended to suspend all seven years of a seven year sentence and place Whittlesey on probation for five years.[2] Because the entire seven year term is suspended and Whittlesey is placed on probation, we interpret the periodic confinement to be a special condition of probation.

The first written judgment bears out this interpretation. It suspends all seven years of the sentence, places Whittlesey on probation, and imposes periodic confinement as a special condition of probation. However, the written judgment differs from the oral pronouncement because it includes periodic imprisonment over the course of six years rather than five.

The amended judgment alters the sentence again. It suspends only five years of the seven year term. Once again, however, it imposes periodic confinement over the course of six years, still as a special condition of probation.[3]

■ Imposition of jail time as a special condition of probation is not authorized under the Alaska statutes governing probation generally. See AS 12.55.100; *Boyne v. State,* 586 P.2d 1250, 1251 (Alaska 1978). Alaska law does, however, permit the imposition of jail time as a special condition of probation when the imposition of sentence is suspended under AS 12.55.085, as provided by AS 12.55.086(a) (effective May 2, 1979). But that is not what was done here. A sentence of seven years was in fact imposed, and only the execution of that sentence was suspended. Such a procedure is authorized not by AS 12.55.085, but rather by AS 12.55.080. Because it was not imposed in accordance with AS 12.55.086(a), we conclude that the requirement of jail time as a special condition of probation was illegal, and that the sentence must therefore be vacated and the case remanded for resentencing.[4]

■ In order to avoid further problems on remand we will address two other points raised by the parties. The final written judgment orders periodic incarceration over a six year period. This increases the sentence orally imposed, which specified a five year limit. The State concedes that this was error, even if no other defect existed. If on remand the court wishes to require

---

2. Alternatively the court could have intended to suspend only five years of the seven year sentence, leaving two years to serve in addition to the five half year terms. This, in context, seems unlikely.

3. This judgment is ambiguous. It suspends five years of a seven year term, and orders a total of three years incarceration as a special condition of probation. The time served as a special condition of probation is, under the written judgment, to be credited against the suspended term if probation is revoked. It is unclear what has happened to the two years which were not suspended.

4. We expect that the court intended to suspend imposition of sentence under AS 12.55.085 and impose a periodic term pursuant to AS 12.55.-

086 since Whittlesey is a youthful offender whose crime was a nonviolent property offense. An S. I. S. disposition ought to be carefully considered for such persons. See *Wharton v. State,* 590 P.2d 427, 430 (Alaska 1979); *Nattrass v. State,* 554 P.2d 399, 401 (Alaska 1976). An order suspending the imposition of sentence for a given length of time, and requiring, as a special condition of probation, a definite term of imprisonment to be served periodically would have accomplished this. This wording is necessary to ensure that a prisoner given periodic time receives appropriate "good time" credit, and so that his parole eligibility is properly computed. See AS 12.55.015(a)(3); 33.20.010; 33.15.180.

periodic confinement, the written judgment should conform to the oral sentence. The latter ordinarily controls. *Charles v. State*, 606 P.2d 390, 391 n. 4 (Alaska 1980).

In the time since the crime, a new criminal code has substantially revised the length of permissible sentences for many crimes, including forgery.[5] Legislative guidelines setting standards concerning mitigating and aggravating factors have been expressed.[6] In ordering restitution, the court is now required to "take into account the financial resources of the defendant and the nature of the burden its payment will impose." AS 12.55.045(a). The State and Whittlesey, in their briefs, take opposite positions with respect to the significance of the sentencing provisions of the new criminal code for cases in which they do not control. The comprehensive and explicit standards of the new criminal code are the most recent expressions of legislative policy in the highly subjective realm of sentencing. They are the result of long and careful deliberation by that body. We agree with Whittlesey that the sentencing provisions of the new criminal code are useful and relevant in the determination of an appropriate sentence under the present circumstances, and we particularly commend the judge's attention on remand to the new provisions regarding restitution.

Because the case must be remanded, we will not consider whether a legally imposed sentence approximating that which was imposed would have been excessive.[7]

The sentence is VACATED and the case is REMANDED for resentencing.

---

5. At the time the crime was committed, forgery was subject to a maximum sentence of twenty years under former AS 11.25.020. The current maximum is ten years, and then only for the more serious categories of forgery. AS 11.46.-500–580; AS 12.55.125.

6. AS 12.55.155. It appears that a number of the factors are appropriate to this case.

7. We note that a sentence which must be served for six month periods over five years might in some ways be a harsher sanction than an uninterrupted term of two and one-half years. While we do not decide this point, the sentencing judge may wish to consider it on remand. *Cf. Padie v. State*, 594 P.2d 50, 62 (Alaska 1979). On resentencing the court should also consider Whittlesey's conduct since the crime.