Daniel S. WRIGHT, Appellant,

v.

STATE of Alaska, Appellee.

No. 5739.

Court of Appeals of Alaska.

Oct. 1, 1982.

Allan Beiswenger, Asst. Public Defender, Kenai, and Dana Fabe, Public Defender, Anchorage, for appellant.

Charles M. Merriner, Asst. Atty. Gen., Anchorage and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

1. Special conditions of Wright's five-year probationary term required him to refrain from possessing any marijuana and, upon request of his probation officer, to submit to blood or urine tests, personal searches or searches of his premises.

2. AS 17.12.010 provides:

   *Acts prohibited.* Except as otherwise provided in this chapter, it is unlawful for a person to manufacture, compound, counterfeit, possess, have under his control, sell, prescribe, administer, dispense, give, barter, supply or distribute in any manner, a depressant, hallucinogenic or stimulant drug.

3. AS 17.12.110(a), (b) and (c) provide:

   *Penalties.* (a) A person who violates a provision of this chapter relating to the possession or control of depressant, hallucino-

## OPINION

BRYNER, Chief Judge.

Daniel Wright was indicted for distribution of marijuana to a minor in violation of AS 17.12.010 and 17.12.110(c). The indictment alleged that Wright shared a marijuana cigarette with a sixteen-year-old girl. After a jury trial, Wright was acquitted of distribution to a minor, but convicted of the lesser offense of distribution of marijuana in violation of AS 17.12.010 and 17.12.110(b). Wright was sentenced to two years' imprisonment, with all but forty days suspended; in addition, he was placed on probation for a five-year period following his release.

Wright appeals his conviction on the ground that the trial court erred in refusing to instruct the jury that the term "distribute in any manner," as used in AS 17.12.010, did not apply to non-commercial transfer of small amounts of marijuana. Wright also appeals his sentence on the grounds that the length and conditions[1] of his probation are excessive and that the sentencing judge considered improper factors in imposing sentence.

Wright's argument that the provisions of AS 17.12.010[2] are not meant to apply to gratuitous transfers of small quantities of marijuana hinges primarily upon a 1975 letter of intent written by the Free Conference Committee that amended AS 17.12.110[3] to its present form. The letter of

genic and stimulant drugs, other than marijuana, when his possession or control is for his own use, is guilty of a misdemeanor and upon conviction is punishable by imprisonment for not more than one year, or by a fine of not more than $1,000, or by both.

(b) A person who violates a provision of this chapter other than one mentioned in (a) of this section, or a person who violates a provision of this chapter relating to the possession or control of depressant, hallucinogenic and stimulant drugs, when his possession or control is for the purpose of sale or other disposal to another person, is guilty of a felony and upon conviction is punishable as follows:

(1) for the first offense, by imprisonment for not more than 25 years, or by a fine of not more than $20,000, or by both;

intent was written to explain the Free Conference Committee's failure to adopt an amendment to AS 17.12.110 that would have expressly exempted from the felony provisions of subsection (b) gratuitous transfers of small amounts of marijuana. It stated, in relevant part:

> The present law, which states that a 'gift' of marijuana may be considered a 'sale' in certain instances has never been nor was ever intended to be applied to cases where small amounts of marijuana have been transferred with no present or future profit motive in mind, and the Committee believes that no specific amendment to the law [AS 17.12.110] is necessary.

1975 House Journal 1263. It is Wright's position that this letter of intent must be read to restrict the applicability of AS 17.-12.010, which sets forth prohibited conduct relating to possession, use and sale of marijuana.

The prohibitions of AS 17.12.010 are, on their face, broad and allencompassing in nature; specifically, that portion of AS 17.-12.010 making it unlawful for a person to "distribute in any manner, a depressant, hallucinogenic or stimulant drug," apparently reflects the legislature's intent to prohibit any form of sale of transfer or marijuana. Thus, this provision is, on its face, unambiguous. *See Winters v. State,* 646 P.2d 867, 871–72 (Alaska App.1982).

▮ Wright's position, nonetheless, is that legislative history such as the Free Conference Committee's letter of intent may be relied upon to find the existence of ambiguity where none might otherwise be apparent. Wright is correct in asserting that a finding of statutory ambiguity may be based upon consideration of legislative intent. *See State, Department of Natural Resources v. City of Haines,* 627 P.2d 1047, 1049 n.6 (Alaska 1981). However, we do not find that the Free Conference Commit-

tee's 1975 letter of intent suffices to render the scope of the prohibitions contained in AS 17.12.010 ambiguous. The 1975 letter of intent did not purport to explain the meaning of legislation passed upon and adopted by the committee. Rather, in its letter, the Free Conference Committee simply put forth its understanding of a law previously enacted by a different legislature. Under these circumstances, the 1975 letter of intent cannot be given determinative weight in ascertaining the meaning of the words "distribute in any manner," as used in AS 17.12.010. The letter must be given a lesser degree of significance. *See Southcentral Health Planning & Development, Inc. v. Commissioner,* 628 P.2d 551, 553 (Alaska 1981); 2A C. Sands, Sutherland Statutory Construction § 48.06, at 203 (4th ed. 1973).

Additionally, because the 1975 letter of intent did not comment upon any change adopted in the amendment to AS 17.12.110, statements made in the letter were never debated or voted upon: the full legislature was not given an opportunity to express its agreement or disagreement with the Free Conference Committee's views. In our view, this factor further erodes the significance that should be attached to the letter of intent. *See, e.g., State, Department of Natural Resources v. City of Haines,* 627 P.2d 1047, 1050 n.9 (Alaska 1981); 2A C. Sands, Sutherland Statutory Construction § 49.10, at 261 (4th ed. 1973).

On balance, we cannot attribute any overriding significance to the 1975 letter of intent as casting doubt on the otherwise plain and unambiguous meaning and intent of the provisions stated in AS 17.12.010.

We are similarly constrained to reject Wright's argument that the language of AS 17.12.110, as amended in 1975, must be taken as an implied limitation on the scope of the term "distribution in any manner," as that term is used in AS 17.12.010. The

---

(2) for the second and subsequent offenses, by imprisonment for any term of years or life, or by a fine of not more than $25,000, or by both.

(c) A person who violates a provision of this chapter by selling or otherwise disposing

of a depressant, hallucinogenic or stimulant drug to a person less than 19 years of age is guilty of a felony and upon conviction is punishable by imprisonment for any term of years or life, or by a fine of not more than $25,000, or by both.

primary focus of the legislature's 1975 revision of AS 17.12.010 was to reduce penalties in cases involving personal possession of small quantities of marijuana. There is nothing to indicate that the legislature intended to reevaluate and revise the provisions of AS 17.12.110 insofar as they dealt with sale and distribution of marijuana. We find no irreconcilable conflict between the legislative amendments to AS 17.12.110 and an interpretation of AS 17.12.010 that would accord the latter statute's use of the term "distribute in any manner" its plain meaning. Accordingly, the plain meaning of AS 17.12.010 must be given effect, and the 1975 revision of AS 17.12.110 cannot properly be deemed to constitute an implied limitation of AS 17.12.010. *See Hafling v. Inlandboatmen's Union of Pacific,* 585 P.2d 870 (Alaska 1978); *Peter v. State,* 531 P.2d 1263 (Alaska 1975).

■ We conclude that non-commercial transfers of small quantities of marijuana must be deemed to fall within the ambit of the prohibition against distribution which is contained in AS 17.12.010; such distribution is therefore subject to the felony provisions of AS 17.12.110(b). It follows that the trial court did not err in refusing to instruct the jury to the contrary.

■ We next consider Wright's sentence appeal. Despite our conclusion that Wright's sharing of a marijuana cigarette with another person amounted to distribution punishable as a felony under AS 17.12.-110(b), we note that the legislature has recently enacted, and the governor has signed into law, a comprehensive revision of Alaska laws dealing with drug offenses. *See* Ch. 45, SLA 1982. Under the provisions of this legislation, sale or delivery of less than one-half ounce of marijuana constitutes Misconduct Involving a Controlled Substance in the Seventh Degree, a violation punishable only by a fine of not more than $100. *See* AS 11.71.070(a)(1) and (b), and AS 11.71.190(b), as set forth in Ch. 45, § 2, SLA 1982. *See also* AS 12.55.035(b)(5).

We recognize that the provisions of this newly enacted legislation are not directly binding in the present case and do not strictly limit the scope of the sentence that could properly be imposed. Nevertheless, we think that the new legislation is relevant to the determination of an appropriate sentence in this case. In *Whittlesey v. State,* 626 P.2d 1066 (Alaska 1980), the supreme court discussed whether penalty provisions of the Alaska Revised Criminal Code should be considered in determining an appropriate sentence in a case arising before the applicable date of the revised code. The court in *Whittlesey* stated, 626 P.2d at 1068:

> The comprehensive and explicit standards of the new criminal code are the most recent expressions of legislative policy in the highly subjective realm of sentencing. They are the result of long and careful deliberation by that body. We agree with Whittlesey that the sentencing provisions of the new criminal code are useful and relevant in the determination of an appropriate sentence under the present circumstances . . . .

We believe that similar logic applies to the newly enacted comprehensive drug legislation. Because this bill had not been enacted when Wright was sentenced, the superior court was obviously unable to consider it. We think that it would be preferable to refrain from reaching the merits of Wright's sentence appeal until the superior court has had occasion to reevaluate the sentence originally imposed in light of the new legislation. For this reason, we have concluded that a remand for resentencing is called for in the present case.

The judgment of conviction is AFFIRMED. The case is REMANDED for resentencing.