**Daniel S. WRIGHT, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 6569.**

Court of Appeals of Alaska.

Jan. 21, 1983.

Allan Beiswenger, Asst. Public Defender, Kenai, and Dana Fabe, Public Defender, Anchorage, for appellant.

Charles M. Merriner, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Danny Wright was convicted of assault in the third degree, a class C felony, AS 11.41.-220. He had been convicted of two prior felonies: (1) sale of LSD in 1969, former AS 17.12.010; and (2) sale of marijuana in 1980, former AS 17.12.010.

The trial court sentenced Wright to the presumptive three-year term reserved for third felony offenders. Wright appeals, arguing: (1) that the "presumptive" sentencing statutes are unconstitutional; and (2) that those statutes, if constitutional, were improperly applied to him.

■ Wright attacks the constitutionality of presumptive sentencing on three grounds. First, he contends that by providing for presumptive sentences, the legislature interfered with the separation of powers implicit in our state constitution. Second, Wright argues presumptive sentencing violates article 1, § 12 of the state constitution which provides in relevant part: "Penal administration shall be based on the principle of reformation and upon the need for protecting the public." These arguments were rejected in *Nell v. State,* 642 P.2d 1361, 1367–70 (Alaska App.1982).

■ Third, Wright contends that presumptive sentencing deprives him of equal protection of the law. He reasons that the legislature has divided all defendants subject to presumptive sentencing into two categories: those whose offenses occurred under certain circumstances making them eligible for mitigation pursuant to AS 12.55.-155(d); and those whose offenses occurred under circumstances that the legislature does not consider mitigating. Specifically, Wright contends the legislature has excluded from consideration as a mitigating factor voluntary alcohol intoxication or chronic alcoholism. *See, e.g.,* AS 12.55.155(g) (intoxication and addiction may not be considered aggravating or mitigating factors). It is irrational, he argues, not to treat voluntary intoxication or alcoholism as a mitigating

factor. Consequently, he claims the legislative scheme deprived him of the equal protection of the laws. We consider this argument frivolous.[1] *See Griffith v. State,* 641 P.2d 228, 233 (Alaska App.1982) (the legislature may, for purposes of determining incarceration, distinguish between classes so long as the distinctions are based upon reasons).

Legislative rejection of voluntary intoxication as a mitigating circumstance is consistent with the legislature's treatment of intoxication throughout the criminal code. For example, the legislature has precluded consideration of voluntary intoxication or chronic alcoholism in determining whether an individual acted "knowingly," AS 11.81.-900(2), and "recklessly," AS 11.81.900(3). The legislature has precluded a defendant from relying on intoxication in establishing serious provocation as the defense to a charge of murder, *see* AS 11.41.115(f)(2), and in mitigation of other offenses, *see* AS 12.55.155(d)(6), (h). The legislature concluded that intoxicated people are no less dangerous than those who are not intoxicated and that community protection would be served by holding intoxicated people to the same standards as those who are not. Since the Alaska criminal code is generally based upon the Model Penal Code the reasons advanced by the drafters of the Model Penal Code for precluding consideration of intoxication in determining recklessness seem particularly appropriate:

Beyond this, there is the fundamental point that awareness of the potential consequences of excessive drinking on the capacity of human beings to gauge the risks incident to their conduct is by now so dispersed in our culture that we believe it fair to postulate a general equivalence between the risks created by the conduct of the drunken actor and the risks created by his conduct in becoming drunk. Becoming so drunk as to destroy temporarily the actor's powers of perception and of judgment is conduct which plainly has no affirmative social value to

---

1. We express no opinion about other challenges to the presumptive sentencing statutes based on equal protection which have not been raised.

counterbalance the potential danger. The actor's moral culpability lies in engaging in such conduct. Added to this are the impressive difficulties posed in litigating the foresight of any particular actor at the time when he imbibes and the relative rarity of cases where intoxication really does engender unawareness as distinguished from imprudence. These considerations lead us to propose, on balance, that the Code declare that unawareness of a risk of which the actor would have been aware had he been sober be declared immaterial.

Model Penal Code § 2.08, at 9 (Tent. Draft No. 9 1959).

We hold that these considerations establish sufficient reason for not considering voluntary intoxication and chronic alcoholism mitigating factors in determining appropriate sentences for those subject to presumptive sentencing. *Cf. O'Leary v. State,* 604 P.2d 1099, 1103 (Alaska 1979) (argument that alcohol use and alcoholism is a basis for finding insanity under AS 12.45.-083 rejected).

Wright challenges the application of presumptive sentencing to his case on two grounds. First, he contends his prior convictions were for drug offenses which at the time he committed the offenses were not governed by the revised criminal code and its sentencing provisions. Second, he argues that his second conviction for selling marijuana was on appeal at the time of his most recent sentencing and therefore should not have been considered a prior felony conviction.

■ Wright was sentenced pursuant to AS 12.55.125(e) which provides in relevant part:

A defendant convicted of a class C felony may be sentenced to a definite term of imprisonment of not more than five years, and shall be sentenced to the following presumptive terms, subject to adjustment as provided in AS 12.55.155–12.-55.175:

. . . .

(2) if the offense is a third felony conviction, three years.

As defined in AS 12.55.185(8), a "'third felony conviction' means that the defendant has been at least twice previously convicted of a felony . . . ." AS 11.81.900(b)(19) defines "felony" as "a crime for which a sentence of imprisonment for a term of more than one year is authorized."

Wright's prior crimes involve "non-possessory" violations of former AS 17.12.010. The penalties for violation of that section are set out in former AS 17.12.110, which provided in relevant part:

(b) A person who violates a provision of this chapter other than [possessory offenses] mentioned in (a) of this section, or a person who violates a provision of this chapter relating to the possession or control of depressant, hallucinogenic and stimulant drugs, when his possession or control is for the purpose of sale or other disposal to another person, is guilty of a felony and upon conviction is punishable as follows:

(1) for the first offense, by imprisonment for not more than 25 years, or by a fine of not more than $20,000, or by both

. . . .

A review of these statutes establishes that Wright's prior drug offenses were felonies for purposes of presumptive sentencing.

Wright argues, however, that consideration must be given to AS 12.55.145(a)(2) which deals with prior convictions. It provides: "a conviction in this or another jurisdiction of an offense having elements substantially identical to those of a felony defined as such under Alaska law is considered a prior felony conviction." In *Wasson v. State,* 652 P.2d 117, 118–19 (Alaska App.1982), we interpreted the language "defined as such under Alaska law" as limited to Alaska law as it was defined in the revised code. In context, however, it is clear that the theft offense in *Wasson* was covered by the revised code and that our holding merely required that a prior offense have elements substantially similar to an offense under existing Alaska law at the time a presumptive sentence was imposed. Distribution of hallucinogenic drugs was a

felony at the time this presumptive sentence was imposed. Consequently, our decision in *Wasson* does not require a court to disregard drug convictions in imposing presumptive sentences.

■ Wright's final argument is that his marijuana sale conviction should not have been considered for presumptive sentencing purposes because it was on appeal at the time he was presumptively sentenced. He relies on *State v. Alexander,* 10 Wash.App. 942, 521 P.2d 57 (1974), and a number of decisions from other jurisdictions interpreting habitual criminal statutes. The cases conflict with each other. Some reason that until the appellate process is completed, there is a possibility that a conviction will be reversed, and, if reversed, will require resentencing in the second proceeding. Precluding consideration of felony convictions on appeal is thus a rule of judicial economy aimed at reducing the need for future sentencing hearings, not one concerned with fairness to the defendant.

There is a substantial minority of cases which allow convictions, even though on appeal, to be considered for purposes of enhancing a sentence. These cases recognize that if the prior conviction is reversed, the defendant is entitled to resentencing on his second conviction. *See, e.g., People v. District Court,* 191 Colo. 558, 554 P.2d 1105 (1976). The Restatement of Judgments *albeit* in a civil context, follows the minority rule and holds that a judgment is final for purposes of a second case even though on appeal if it is "sufficiently firm to be accorded conclusive effect" provided that if the first judgment be reversed on appeal, the second judgment would be subject to post-judgment review. *See* Restatement (Second) of Judgments §§ 13, 16, and Comments (1982).

We believe the minority view more reasonable and conclude that a conviction with the attendant constitutional safeguards is sufficient for purposes of presumptive sentencing even though on appeal. *Cf. Alexander v. State,* 578 P.2d 591, 592–93 (Alaska 1978) (current conviction may trigger revocation of probation on earlier sentence even though current conviction is on appeal). In *Alexander,* the court specifically noted that if the first conviction was reversed, the probation revocation and resulting sentence would be "illegal" and subject to correction at any time under Alaska Rule of Criminal Procedure 35(a). *Id.* at 592 n. 1.

■ The judgment of the superior court is AFFIRMED. The sentence is VACATED[2] and the case is REMANDED for resentencing.

---

2. Wright's conviction for marijuana sale has been affirmed on appeal. *Wright v. State,* 651 P.2d 846 (Alaska App.1982). In that case we noted that the legislature substantially modified drug sentencing in the 1982 session. Specifically, Wright's conviction which was a felony under prior law is now merely an offense. We therefore affirmed Wright's conviction, but remanded for resentencing to enable the trial court to consider the most recent expression of legislative opinion in determining an appropriate sentence. "When a prior felony conviction considered for the purpose of invoking the presumptive terms of this chapter was of a less serious class of offense than the present offense" a mitigating factor has been shown and the presumptive term may be reduced. AS 12.55.155(d)(8).

The legislature's determination that the conduct which resulted in Wright's conviction of felony marijuana sale should now be reclassified as an offense was made subsequent to imposition of the presumptive sentence in this case. Consequently, in the interest of justice we vacate the sentence imposed here and remand for further consideration by the trial court to determine whether this mitigating factor in light of all the circumstances warrants either a reduction in Wright's sentence or referral to a three-judge panel. *See* AS 12.55.-165–.175. We express no opinion as to how those issues should be decided.