**Richard A. SANDAHL, Appellant,**

v.

**ANCHORAGE, A Municipal Corporation, Appellee.**

No. 7753.

Court of Appeals of Alaska.

Oct. 21, 1983.

---

Edward J. Reasor, Anchorage, for appellant.

Allen M. Bailey, Municipal Prosecutor, and Jerry Wertzbaugher, Municipal Atty., Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

On October 19, 1982, Richard A. Sandahl pled no contest to a charge of driving while intoxicated in violation of AMC 9.28.020(A). An additional charge of operating a motor vehicle without a valid Alaska driver's license was simultaneously dismissed by the prosecutor. The trial judge sentenced Sandahl to serve one year in jail and imposed but suspended a $1,000.00 fine. In addition, Sandahl's license was revoked for three years. Sandahl's sentence was later modified to allow him to complete Humana Hospital's chemical dependency program, with credit against his sentence for time spent in the program. Sandahl appeals contending that his sentence is excessive. We affirm.

Sandahl first contends that the trial judge erroneously characterized him as a worst offender which provides the basis for the imposition of a maximum sentence.[1] *Galaktionoff v. State,* 486 P.2d 919, 924 (Alaska 1971). The appropriate factors to consider in determining whether a particular defendant should be characterized as the worst type of offender include "prior criminal convictions, age, military records, employment history, drug or alcohol addiction, presentence report evaluations and recommendations, and behavior which has been considered to demonstrate an antisocial nature or dangerous propensities which pose a clear risk to the public." *State v. Wortham,* 537 P.2d 1117, 1120 (Alaska 1975) (citations omitted).[2]

1. The sentence for a violation of AMC 9.28.-020(A) is "by imprisonment for not more than one year, or by a fine of not more than $1,000.00, or both, such fine and imprisonment." AMC 9.48.010(D)(3). For a second offense within five years the defendant's driver's license may be "suspended, revoked or limited for no more than three years." AMC 9.48.-010(F).

2. In *Huckaby v. State,* 632 P.2d 975, 976 n. 1 (Alaska App.1981), we said:

> Many of the factors often stressed in declaring a person a "worst offender" are simply inapposite in a traffic case—for instance, whether the crime is violent, premeditated, or intended to harm multiple victims. In a traffic case more relevant considerations may include duration of the offense, number of people put at risk, probability that someone or something would be injured, nature of the likely injury, and factors known to the driver that made his driving more dangerous (e.g.,

In contending that he cannot properly be characterized as a worst offender Sandahl relies on a psychological report prepared prior to his resentencing which indicated he might respond favorably to alcoholism treatment. The district court judge, however, expressly stated that he was not convinced by anything contained in the report. Instead, in its sentencing remarks, the court emphasized Sandahl's four prior convictions for DWI and his tendency to drive without a license. Judge Tucker was particularly concerned with keeping Sandahl "off the highway" because of the risks created by his conduct. In the recent case of *Connors v. State,* 652 P.2d 110, 111 (Alaska App. 1982), this court recognized:

> Drunken driving is extremely dangerous and presents a tremendous risk to the driving public. It is necessary that trial judges sentencing those convicted of driving offenses where intoxication plays a part give serious consideration to deterrence, both of the individual and of others, and to the affirmation of community norms.

*See also Godwin v. State,* 554 P.2d 453, 455 (Alaska 1976).

Given Sandahl's extensive criminal record including four prior DWI convictions, his propensity to drive without a license, and his pattern of pathological alcohol abuse, we find an adequate basis in the record for characterizing Sandahl as a worst offender. *See Joe v. State,* 542 P.2d 159, 162 (Alaska 1975). Moreover, Sandahl's sentence reflects adequate awareness of the goal of rehabilitation by providing for in-patient alcoholism treatment while at the same time isolating Sandahl from society if rehabilitation fails. This is particularly appropriate in light of the tragic consequences that can result when a vehicle is operated by an intoxicated driver. *See Rosendahl v. State,* 591 P.2d 538 (Alaska 1979).

Sandahl next contends that his sentence is excessive because others with comparable records for driving while intoxicated have received substantially shorter sentences. It is not the function of appellate review to enforce uniformity in sentencing by requiring similar sentences for the same offense without consideration of each defendant's background. *Joe v. State,* 542 P.2d at 164; *Nicholas v. State,* 477 P.2d 447, 448 (Alaska 1970). However, the "court will consider whether a disparity in sentencing is so irrational as to be 'unjustifiable.' " *Padie v. State,* 594 P.2d 50, 61 (Alaska 1979) (citing *Burleson v. State,* 543 P.2d 1195, 1202 (Alaska 1975)).

Sandahl cites *Manderson v. State,* 655 P.2d 1320 (Alaska App. 1983), in which the court affirmed a sentence of ninety days for a conviction of driving with a suspended license in violation of AS 28.15.291(a). Sandahl points out that the defendant in *Manderson* had previously received a sentence of 180 days' imprisonment with 150 suspended for his fifth alcohol-related conviction. Noting the similarities between his record and Manderson's, Sandahl argues that the disparity between their sentences is so irrational as to be unjustifiable.

We reject Sandahl's disparity argument. The defendant in *Manderson* was appealing his ninety-day sentence for DWSOL. His earlier sentence for DWI was only mentioned to provide a factual background. We did not address the propriety of the prior sentence, which may have been too lenient. In *Joe v. State,* 542 P.2d at 163–64, the Alaska Supreme Court addressed Joe's argument that his sentence was excessive because another participant to the offense whose conduct was more culpable received a shorter sentence. In affirming Joe's sentence, the court stated:

> Assuming arguendo that appellant's summary of Kompkoff's past criminal record is accurate, we would incline strongly towards the view that the sentence which Kompkoff received was too lenient. For it seems that the Kompkoff sentence neither furthers the sentencing goals of both individual and general deterrence, nor does Kompkoff's three-year

intoxication, defects in the vehicle, and poor road conditions).

(citations omitted.)

sentence foster respect for Alaska's criminal laws. On the other hand, guided by the criteria of [*State v. Chaney,* 477 P.2d 441 (Alaska 1970)] and for the reasons previously articulated, we cannot say that the superior court was clearly mistaken in sentencing Joe to a ten-year period of incarceration.

*Id.* at 164 (footnotes omitted).

 Similarly, Sandahl's sentence was appropriate in light of his record. Thus we cannot say that the district court was clearly mistaken in sentencing Sandahl to a one-year period of incarceration. *McClain v. State,* 519 P.2d 811 (Alaska 1974).

The sentence is AFFIRMED.