Edgar **MIDDLETON,** Appellant,

v.

**ANCHORAGE, A Municipal Corporation,** Appellee.

**No. 7722.**

Court of Appeals of Alaska.

Dec. 16, 1983.

Eric L. Hanson, Lynch, Farney & Crosby, Anchorage, for appellant.

James A. Crary, Asst. Municipal Prosecutor, Allen Bailey, Municipal Prosecutor and Jerry Wertzbaugher, Municipal Atty., Anchorage, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

SINGLETON, Judge.

Edgar Middleton was convicted of driving while intoxicated, AMC 09.28.020(A), and operating a vehicle without a valid driver's license, AMC 09.12.010(A).

The maximum sentence for driving while intoxicated is imprisonment for one year and a fine of $1,000. AMC 09.48.010(D). The mandatory minimum sentence for a first conviction is incarceration for seventy-two consecutive hours. A subsequent conviction within five years results in a minimum ten-day sentence, or twenty days if it occurs within one year of a previous conviction. AMC 09.28.020(C).

This was Middleton's third conviction for DWI within five years. He received a sentence of 360 days with 260 days suspended and his license was revoked for three years. In addition, he was required to attend alcohol screening and to have no similar violations for five years. As an additional penalty for driving without a valid operator's license, Middleton received a sentence of sixty days with thirty days suspended to run consecutively to his DWI sentence. Thus Middleton received a total sentence of 130 days to serve.

He appeals, contending that the sentence is excessive. Middleton makes two arguments. First, he contends that the minimum sentence as set out in the ordinance should be treated as the conceptual equivalent of a presumptive sentence in the revised criminal code. He argues that *Austin v. State,* 627 P.2d 657 (Alaska App.1981), requires sentencing courts to confine themselves to the legislative "sentencing scheme" for DWI convictions absent an "exceptional case."

We reject Middleton's argument for two reasons. First, he erroneously equates minimum sentences with presumptive sentences. While, a minimum sentence is appropriate for the offender whose conduct is the least serious contemplated by the definition of the offense, a presumptive sentence is aimed at the typical offender. In addition, even if we were to equate minimum and presumptive sentences, *Austin* addresses the appropriate sentence for a "first offender" who is not subject to presumptive sentencing. Middleton is a third offender. He would not qualify as a typical offender, nor can his conduct be characterized as the least serious contemplated by the definition of the offense.

Middleton also argues that his sentence is excessive because it disproportionately exceeds the sentences he received for his first two convictions. Those convictions resulted in five- and ten-day sentences. Middleton advocates a "stair-step" approach to sentencing. He implies that a recidivist's sentence should gradually increase with each offense or increase by the same amount each time. This argument is meritless. "Sentencing is a discretionary func-

tion which in each ... case is to be exercised in accordance with the criteria and goals ... enunciated in *State v. Chaney* [477 P.2d 441 (Alaska 1970).]" *Adams v. State*, 521 P.2d 516, 520 (Alaska 1974) (sentence not excessive simply because it is more severe than sentence imposed in a similar case). *See also Creer v. State*, 600 P.2d 1095 (Alaska 1979).

In sentencing Middleton, Judge Andrews considered the *Chaney* criteria:

I have to consider the *Chaney* criteria when I sentence you. What that means legally is the fact that I have to consider what type of sentence will rehabilitate you Mr. Middleton; what society needs to be isolated from you and your propensity to drive after you've been drinking; what will deter you and others; what society actually thinks this crime is worth in the grand scheme of things.

Judge Andrews concluded that Middleton was not a good candidate for rehabilitation because he had previously been convicted and sentenced, and had not learned from his mistakes. She labelled him a "dangerous person on the road." She indicated that she would have imposed the maximum sentence but for the minor nature of the collision which resulted in Middleton's arrest. Instead, she imposed a sentence which falls between the legislative minimum and maximum.

"Drunken driving is extremely dangerous and presents a tremendous risk to the driving public." *Connors v. State*, 652 P.2d 110, 111 (Alaska App.1982). *See also Sandahl v. Anchorage*, 670 P.2d 716, (Alaska App., 1983). Consequently, one convicted of drunken driving should receive a commensurate sentence.

In *Sandahl* we said:

Sandahl next contends that his sentence is excessive because others with comparable records for driving while intoxicated have received substantially shorter sentences. It is not the function of appellate review to enforce uniformity in sentencing by requiring similar sentences for the same offense without con-

sideration of each defendant's background.

670 P.2d at 718.

We are not persuaded that Middleton's sentence is excessive. Taking into account his record and the circumstances of this offense we are satisfied that Judge Andrews was not clearly mistaken.

The sentence of the district court is AFFIRMED.