James A. HOECK, Appellant,

v.

MUNICIPALITY OF ANCHORAGE, Appellee.

No. A–585.

Court of Appeals of Alaska.

April 19, 1985.

William B. Oberly, Gorton & Oberly, Anchorage, for appellant.

Scott Jay Sidell, Asst. Mun. Prosecutor, and Jerry Wertzbaugher, Mun. Atty., Anchorage, for appellee.

Before BRYNER, Chief Judge, and COATS and SINGLETON, JJ.

OPINION

SINGLETON, Judge.

James A. Hoeck pled no contest to charges of driving while intoxicated, AMC 9.28.020(A); failure to provide information, AMC 9.10.040; and driving with license revoked, AMC 9.12.010. He was sentenced to consecutive 360-day terms [1] for driving while intoxicated and driving with license revoked and a concurrent thirty-day term for failing to provide information. Hoeck appeals, contending that his trial counsel gave him ineffective assistance of counsel at sentencing and that the trial court imposed an excessive sentence.

■ The municipality points out that no hearing was held in the trial court regarding Hoeck's ineffective assistance of counsel claim, and that therefore we should remand the case in accordance with our decision in *Barry v. State*, 675 P.2d 1292 (Alaska App.1984). Hoeck argues that his counsel's actions at sentencing constitute plain error, rendering remand unnecessary; but he concedes that if a hearing is necessary, a remand should be ordered. We have carefully reviewed the record and conclude that given Hoeck's record any errors trial counsel committed at sentencing were harmless beyond reasonable doubt, *see Wilson v. State*, 680 P.2d 1173, 1179 (Alaska App.1984), *Sandahl v. Anchorage*, 670 P.2d 716, 717 n. 2 (Alaska App.1983); thus Hoeck's claim fails to satisfy the prejudice prong of the federal and state tests for ineffective assistance of counsel. We therefore affirm the decision of the trial court and do not order a remand. *See*

*Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Risher v. State*, 523 P.2d 421, 424–25 (Alaska 1974).

Including his present offenses, James A. Hoeck has been convicted of driving while intoxicated six times in less than four years. He has been convicted of driving with a revoked license five times, eluding a police officer once, and leaving the scene of an accident twice. In the present case, he attempted to pass another vehicle at an excessive speed, collided with that vehicle knocking it off the road, and fled the scene. When he was apprehended, he was found to have a blood-alcohol level of .25, two and one-half times the legal limit.

■ In support of his ineffective assistance claim, Hoeck argues that trial counsel conceded Hoeck's five prior driving while intoxicated convictions and four prior driving with license revoked convictions, and did not require the state to prove the convictions. The record reflects that both defense counsel and the municipal prosecutor had access to Hoeck's driving record from the Department of Motor Vehicles.

■ Next, Hoeck argues trial counsel conceded that he was a worst offender as to both the driving while intoxicated and driving with license revoked charges. Given Hoeck's record, five prior driving while intoxicated convictions and four prior driving with a revoked license convictions, this concession did not amount to ineffective assistance of counsel. Next, Hoeck argues that trial counsel mistakenly recommended a ninety-day sentence for failure to furnish information, while the maximum sentence was only thirty days. In context, however, it appears that the trial judge was clearly aware of the thirty-day maximum sentence for failing to provide information and imposed the thirty-day sentence concurrent with the other sentences; thus, any inaccu-

1. At sentencing the trial court apparently considered 360 days and one year to be synonymous. The parties have adopted this interpretation on appeal. We construe the ambiguity in the defendant's favor. *Whittlesey v. State,* 626 P.2d 1066 (Alaska 1980).

racy in defense counsel's representation did not affect the outcome.

■ Defense counsel was faced with a very difficult case. In addition to the pending charges, the municipality was pursuing revocation proceedings in other cases which could have resulted in consecutive time in addition to the time of the sentences imposed in this case. In return for his plea, defense counsel negotiated a dismissal of those revocation proceedings. Defense counsel candidly conceded the need for consecutive time in this case, but sought unsuccessfully to have a part of the consecutive time suspended. Contrary to Hoeck's representations on appeal, counsel did discuss rehabilitation and pointed out that despite Hoeck's many convictions, he had never received alcohol treatment. In response, the trial judge specifically provided that Hoeck should spend the last thirty days of his incarceration in a residential alcohol treatment program. Under the circumstances, defense counsel's concessions did not prejudice Hoeck's sentence.

■ We are also satisfied that the sentence imposed was not clearly mistaken. Given Hoeck's record of convictions during less than four years, District Court Judge John D. Mason properly characterized him as extremely dangerous and emphasized isolation. Judge Mason's finding that Hoeck needed to be isolated during the total period of the sentence justified the imposition of consecutive sentences in this case. *State v. Graybill,* 695 P.2d 725 (Alaska 1985). Judge Mason carefully considered all of the standards established by the supreme court in *State v. Chaney,* 477 P.2d 441 (Alaska 1970). He expressed concern for Hoeck's rehabilitation and provided that thirty days of Hoeck's incarceration should be spent in a residential alcohol treatment program. The sentence imposed was not clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

The sentences of the district court are APPROVED and AFFIRMED.