**Aileen Ann MEISSNER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**Vernon Dale BRANTLEY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**Nos. A–1083, A–1084.**

Court of Appeals of Alaska.

March 7, 1986.

James W. McGowan, Asst. Public Defender, Sitka, and Dana Fabe, Public Defender, Anchorage, for appellants.

David Mannheimer, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

Aileen Ann Meissner and Vernon Dale Brantley were charged, in unrelated cases, with driving while intoxicated (DWI), in violation of AS 28.35.030(a). Both entered pleas of no contest to the charges and were separately sentenced by Judge Henry C. Keene, Jr. As first offenders, Meissner and Brantley were subject, under AS 28.-35.030(c), to a minimum term of seventy-two hours in jail. In keeping with a policy that he had apparently adopted several years previously, however, Judge Keene sentenced Meissner and Brantley to serve more than the minimum period of incarceration. Judge Keene required both Meissner and Brantley to serve fifteen days in jail, with five days suspended.

Both defendants subsequently moved for reduction of their sentences, contending

that Judge Keene's policy of imposing first offense DWI sentences in excess of the statutory minimum was illegal. Following denial of their motions, Meissner and Brantley renewed their claims on appeal. Specifically, Meissner and Brantley assert that Judge Keene's policy of requiring first offenders to serve ten days in jail is inflexible and amounts to a *de facto* amendment of the seventy-two hour minimum sentence that the legislature established in AS 28.-35.030(c). Meissner and Brantley maintain that this "judicial amendment to statutes" is unauthorized and violates their right to individualized treatment in sentencing.

Although it appears clear from the record that, as a matter of policy, Judge Keene typically sentences first offenders convicted of DWI to serve jail terms of fifteen days with five days suspended, it is not at all clear that this sentencing policy is rigid or inflexible. The circumstances involved in both Meissner's and Brantley's cases appear to fall well within the norm of seriousness for first offense DWI cases. Neither case seems particularly aggravated or mitigated. In neither case did defense counsel call the sentencing court's attention to any factors that might warrant imposition of a sentence lower than that which would be suitable for a typical DWI first offender.

■ Indeed, prior to sentencing, defense counsel expressly acknowledged that Meissner's case was a typical first offense DWI. While counsel in Brantley's case made a conclusory statement that Brantley deserved the statutory minimum sentence, he offered nothing to support this conclu-

sion except the observation that no accident was involved in Brantley's case. The existence of an accident, however, appears to us to be an atypical circumstance that would serve to aggravate a normal DWI offense. We find no basis for concluding that the lack of an accident should render an offense less serious than the norm, thereby constituting a mitigating factor.

■ Meissner and Brantley concede that use of a benchmark sentence exceeding the statutory seventy-two hour minimum for first offense DWI cases is not precluded. *See Middleton v. Anchorage,* 673 P.2d 283 (Alaska App.1983); *Harker v. State,* 637 P.2d 716 (Alaska App.1981), *aff'd,* 663 P.2d 932 (Alaska 1983). There is simply nothing in the record currently before this court to indicate that Judge Keene's sentencing policy is anything more than a sentencing benchmark for typical first offense DWI cases. We find no basis for concluding that Judge Keene would refuse to deviate from the benchmark term if faced with a case in which genuinely mitigating circumstances were presented to him. Accordingly, we reject the claim that Judge Keene's sentences amounted to a *de facto* amendment of the seventy-two hour mandatory minimum sentence established under AS 28.35.030(c).[1]

The sentences are AFFIRMED.

---

1. Meissner and Brantley do not contend that Judge Keene's sentencing remarks failed to adequately address the *Chaney* sentencing criteria. *State v. Chaney,* 477 P.2d 441, 443–44 (Alaska 1970). We note that, in each case, Judge

Keene's remarks made it clear that Judge Keene believed adherence to a benchmark term exceeding the statutory minimum was appropriate in order to further the goals of deterrence and community condemnation.