A More Detailed Report with Steel & Post Lab Test Analysis Will Follow.

---

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Raymond TRAMAGLINO, Defendant–Appellant.**

No. 88CA0461.

Colorado Court of Appeals, Div. I.

Nov. 16, 1989.

Rehearing Denied Dec. 14, 1989.

Certiorari Denied May 14, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Virginia Byrnes Horton, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Jaydee K. Bachman, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge REED.

Defendant, Raymond Tramaglino, appeals from the judgment of conviction entered upon a jury verdict finding him guilty of possession of a weapon by a previous offender. We affirm.

Acting upon the report of an eyewitness, the police apprehended defendant following the theft of a firearm from a pawn shop. The eyewitness testified at trial that during the commission of the theft, the gun was in defendant's possession. The gun was discovered by officers in defendant's automobile shortly after the theft had occurred.

Defendant was charged with and found guilty of having violated § 18–12–108, C.R.S. (1986 Repl.Vol. 8B) by possessing a firearm after having been previously convicted of the crime of burglary. Defendant's prior burglary conviction is not in

dispute. However, that conviction had been appealed and was not affirmed by this court until after the trial of the instant cause. *People v. Tramaglino,* (Colo.App. No. 86CA1064, July 13, 1989) (not selected for official publication).

## I.

■ Because, at the time of trial, the burglary conviction was being challenged on appeal upon constitutional grounds, defendant contends that the trial court erred in ruling that this essential element had been established. We disagree.

Section 18–12–108 proscribes the possession of a firearm by any person "previously convicted of burglary ..." within specified time periods following such conviction. The statute does not otherwise define the term "previously convicted," nor do we find any Colorado authority precisely on point.

In *People v. Quintana,* 707 P.2d 355 (Colo.1985), the court held, in construing this statute, that a previous conviction is an essential element of the charge; however, it ruled that if the previous conviction was obtained by unconstitutional means, such conviction is insufficient to satisfy this element. There, the previous conviction had been adjudicated as constitutionally infirm in pre-trial proceedings. Here, in contrast, no such collateral attack was attempted. Rather, defendant relied solely upon the pendency of the appeal of the burglary conviction as preventing finality of judgment, thus precluding its use as the predicate conviction.

■ The term "convicted" has various meanings depending upon the context within which the term is used. *Swift v. People,* 174 Colo. 259, 488 P.2d 80 (1971); *People v. Enlow,* 135 Colo. 249, 310 P.2d 539 (1957). However, a judgment of conviction consists of a recital of the plea, the verdict or findings, the sentence and determination of presentence confinement, and the costs, if any. Crim.P. 32(c). It becomes final, for purposes of appeal, when sentencing occurs. *People v. Palmer,* 42 Colo.App. 460, 595 P.2d 1060 (1979). Further, a judgment of conviction is presumed valid. *Lamb v. People,* 174 Colo. 441, 484 P.2d 798 (1971).

We conclude that the appropriate analysis is that found in *People v. District Court,* 192 Colo. 375, 559 P.2d 235 (1977), in which the court held that "prior conviction," as used in the habitual criminal statute, includes a judgment of conviction that is on appeal subject, of course, to later challenge if the prior conviction is thereafter reversed, and subject to collateral attack in the proceeding in which the conviction is attempted to be used. *See also People v. District Court,* 191 Colo. 558, 554 P.2d 1105 (1976) (earlier judgment of conviction which is on appeal is a "previous conviction" entitled to be considered by the jury in making a death penalty determination).

The purpose of § 18–12–108 is "[t]o limit the possession of firearms by those who, by their past conduct, have demonstrated an unfitness to be entrusted with such dangerous instrumentalities...." *People v. Trujillo,* 178 Colo. 147, 497 P.2d 1 (1972). It would be contrary to the purposes of the statute to permit a sentenced felon to immunize himself from its operation by the simple expedient of pursuing an appeal of his previous conviction. It would be particularly anomalous where, as here, the judgment of conviction was affirmed. Such circumvention of the purpose of the statute is to be avoided. *People v. District Court, supra.*

Accordingly, we conclude that a previous judgment of conviction can serve as the predicate offense notwithstanding that it is pending appeal unless it is otherwise set aside by the trial court in pre-trial hearings. We find no error in the trial court's ruling to this effect.

## II.

■ We disagree with defendant that there was insufficient evidence to support his conviction. Here, the evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support the jury's conclusion that defendant was guilty beyond a reasonable doubt. *See Taylor v. People,* 723 P.2d 131

(Colo.1986). Thus, the jury's verdict will not be disturbed on appeal.

Defendant's other contention is without merit.

The judgment of conviction is affirmed.

PIERCE and METZGER, JJ., concur.