**Robert E. SAWYER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 7265.**

Court of Appeals of Alaska.

May 20, 1983.

Charles R. Pengilly, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Mark I. Wood, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

In *State v. Rastopsoff,* 659 P.2d 630, 641 (Alaska App.1983), we held that a person could not be sentenced as a second felony offender merely because he committed two felony offenses. In order to be sentenced as a second felony offender, the defendant must have committed the second felony offense after he had been *convicted* of the first felony offense. The question in this case is: exactly when has a person been convicted of a felony so that, if he commits a subsequent felony offense, that subsequent offense will be a second felony offense for presumptive sentencing purposes? *See* AS 12.55.185(7). We conclude that a person has not been convicted of a felony offense, for presumptive sentencing purposes, until after he has been sentenced on the first felony offense. Applying that rule to this case, we reverse the judgment of the superior court sentencing Robert Sawyer as a second felony offender.

The following chronology summarizes the facts in this case:

August 23, 1981 Sawyer commits burglary in the first degree.

March 1, 1982 Sawyer enters *nolo contendere* plea to burglary in the first degree.

March 26, 1982 Sawyer commits theft in the second degree.

May 7, 1982 Sawyer sentenced for burglary in the first degree.

June 9, 1982 Sawyer pleads *nolo contendere* to theft in the second degree.

---

July 30, 1982 Sawyer sentenced on theft in the second degree.

Judge Jay Hodges sentenced Sawyer as a second felony offender on the theft in the second degree charge, a class C felony, and imposed the presumptive sentence of two years. AS 12.55.125(e)(1). Judge Hodges imposed this sentence consecutively to Sawyer's sentence on the burglary charge.[1]

Sawyer argues that we should rule that he had not been convicted of his first felony offense, the burglary, until after he had been sentenced. Sawyer contends that he had not been convicted of his first felony offense at the time he committed the theft offense, and was therefore not subject to sentencing as a second felony offender. The state argues that we should rule that Sawyer was convicted of the burglary offense when the judge accepted his *nolo contendere* plea to that offense. The state argues that to interpret the words "previously convicted" in AS 12.55.185(7), we should turn to other sections of the revised criminal code. The state points out that the legislature referred throughout AS 12.-55.125 to defendants as being "convicted" even though the defendant had not been sentenced. Typical is AS 12.55.125(e), which reads in relevant part:

(e) A defendant convicted of a class C felony may be sentenced to a definite term of imprisonment of not more than five years, and shall be sentenced to the following presumptive terms.

*See also Kelly v. State,* 663 P.2d 967, (Alaska App.1983); AS 12.55.155. However, the specific code provision which deals with how prior convictions are to be proven before they can be used for pre-sumptive sentencing states that the prior convictions not expressly admitted by the defendant must be proven by copies of court records. The statute then goes on to state: "If the defendant denies the authenticity of a prior *judgment of conviction* . . . the defendant shall file . . . notice of denial. . . ." AS 12.55.145(c) (emphasis added). AS 12.55.145(c) seems to focus on the judgment of conviction, which is entered after sentencing, as being the point at which a conviction is finalized.

Furthermore, as we stated in *Rastopsoff,* the language in the revised criminal code must be interpreted in light of *State v. Carlson,* 560 P.2d 26, 30 (Alaska 1977). At 634–635. In *Carlson,* the supreme court appears to conclude that "in order for a felony conviction to count toward habitual criminal status an offender must commit a felony, be convicted therefor, and begin to serve his sentence before the commission of a subsequent felony." 560 P.2d at 30. The policy stated in *Carlson* was to the effect that punishment actually had to be imposed before an offender could be said to have had his opportunity to reform on his first offense. This same policy was relied upon by the subcommission that prepared the revised criminal code tentative draft, upon which AS 12.55.145 was based. *See State v. Rastopsoff,* at 640. We conclude that the policy set forth in *Carlson* seems to be better fulfilled by establishing the time of sentencing as the point when the conviction is final, rather than the time when there is a finding of guilty or a plea of guilty or *nolo contendere.* At sentencing the defendant will be made aware of the punishment that was the result of his criminal offense.[2]

---

1. Sawyer received three years with two and one-half years suspended on the burglary charge.

2. Although the *Carlson* case does imply that a defendant must "begin to serve his sentence" before he can be said to have had an opportunity to reform, any interpretation of this language other than assuming that it refers to the time when sentence is imposed would raise difficult questions. A defendant might be able to argue that he had not started to serve his sentence and therefore had not been convicted if he was able to keep his case on appeal. This could postpone the point at which he became convicted for a substantial time. Would there be a difference if his sentence was stayed and he was released on an appeal bond than if he was unable to post an appeal bond? Would it be different if he served several days on his sentence before he posted his appeal bond or if he had been subject to pretrial confinement? We see no reason to become entangled in those problems and accordingly interpret the *Carlson*

We have also considered the fact that a finding of guilty by a jury or the entry of a plea of *nolo contendere* is not as clearly a final conviction as is the sentencing proceeding. For instance, after a defendant is found guilty by a jury, the court may still grant a motion for judgment of acquittal or a motion for a new trial. Alaska R.Crim.P. 29(b), 33. After a defendant has entered a plea of guilty and that plea is accepted by the court, he may withdraw his plea before sentencing "for any fair and just reason." Alaska R.Crim.P. 11(h)(2); *see Love v. State,* 630 P.2d 21, 23–25 (Alaska App.1981). The rules also require the court to inquire about the defendant's plea just prior to sentencing. Alaska R.Crim.P. 32(a). We conclude that it is preferable to have a clear and definite time when a conviction will be final and that this time is the time of sentencing. We therefore hold that a defendant has not been finally convicted on a charge, for presumptive sentencing purposes, until he has been sentenced on that charge.

Judge Hodges thus erred in sentencing Sawyer as a second felony offender on his conviction for theft in the second degree. We accordingly REVERSE Sawyer's sentence and REMAND for further proceedings.

case as setting the time when the defendant begins to serve his sentence as the time of sentencing. *See Wright v. State,* 656 P.2d 1226 (Alaska App.1983).