**Eric S. BERG, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–666.**

Court of Appeals of Alaska.

Dec. 27, 1985.

Arthur S. Robinson, Soldotna, for appellant.

James V. Gould, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

This appeal requires us to determine whether a person may be convicted of being a felon in possession of a concealable firearm while the predicate conviction is on appeal and the sentence stayed. We conclude that prosecution is proper and therefore affirm Berg's conviction.

In August of 1982, Berg was convicted of one count of sale of narcotics (cocaine) in violation of former AS 17.10.010; AS 17.-10.200(a). On November 5, 1982, he was sentenced by Superior Court Judge Roy H. Madsen. An order suspending imposition of sentence and providing for probation was entered. On November 15, 1982, Judge Madsen stayed the execution of sentence, pending defendant's appeal which was filed November 8, 1982.

Berg reconsidered his appeal and, on March 18, 1983, moved to dismiss it. On April 15, 1983, Judge Madsen issued an order reinstituting sentence and probation on defendant. The stay was terminated at that time. In the interim, on April 8, 1983, Berg pawned a handgun at Hightower Gun Shop in Moose Pass, Alaska. The police learned of the transaction and instituted prosecution against Berg for a violation of AS 11.61.200(a)(1), a class C felony. The statute provides:

*Misconduct Involving Weapons in the First Degree.*

(a) A person commits the crime of misconduct involving weapons in the first degree if the person

(1) knowingly possesses a firearm capable of being concealed on one's person after having been convicted of a felony by a court of this state, a court of the United States, or a court of another state or territory;

Berg acknowledges that he was convicted of the sale of cocaine prior to his alleged possession of a concealable firearm. He also acknowledges that the conviction has never been set aside, annulled or terminated in any way. He argues that, nevertheless, during the period of his appeal, it was expressly stayed by the superior court pursuant to Alaska Rule of Appellate Procedure 206(a) which provides:

(a) *Stay of Execution.*

(1) *Imprisonment.* A sentence of imprisonment shall be stayed if an appeal is taken and the defendant is released pending appeal.

(2) *Fine.* A sentence to pay a fine or a fine and costs, if an appeal is taken,

may be stayed by the trial court or by the appellate court upon such terms as the court deems proper. The court may require the defendant pending appeal to deposit the whole or any part of the fine and costs in the registry of the trial court or to give bond for the payment thereof, or to submit to an examination of assets, and it may make any appropriate order to restrain the defendant from dissipating his assets.

(3) *Probation.* An order placing the defendant on probation shall be stayed if an appeal is taken.

(4) *Other Sentence.* Other terms and conditions of a sentence, including but not limited to the revocation or suspension of a license, may be stayed by the trial court pending appeal upon such terms as the court deems proper. If the trial court does not grant the relief requested, the appellant may renew the motion in the appellate court.

Berg reasons that he was not "convicted by a court" while his case was on appeal and his sentence stayed. In Berg's view, his conviction was not final and therefore could not be a predicate for prosecution under AS 11.61.200(a)(1). Essentially, Berg argues that the term "conviction" is susceptible to two meanings: (1) what he describes as the ordinary or popular meaning (the finding of guilt by a jury or other fact finder); and, (2) the more technical meaning (a final judgment after the time for appeal has run). *See State v. Wagenius,* 99 Idaho 273, 581 P.2d 319, 323 (1978). Since the term "conviction" is not defined in the revised code, Berg continues, it should be given an interpretation favorable to criminal defendants and made to apply only to a final judgment after the time for appeal has run or an appeal has been prosecuted and decided. Since the motion to dismiss his appeal had not been acted upon on the date he committed the act upon which his prosecution for misconduct involving weapons was predicated, he concludes the appeal was still pending and the judgment of conviction against him not final.

We reject Berg's arguments. We hold that a person has been "convicted of a felony" when the appropriate trier of fact has made a determination of guilt and sentence has been imposed. A timely appeal does not suspend a conviction, even though a formal stay is entered under Appellate Rule 206. We base our holding on three considerations. First, the federal and state cases that we have found are in accord. *See, e.g., United States v. Leonard,* 630 F.2d 789 (10th Cir.1980); *United States v. MacGregor,* 617 F.2d 348 (3d Cir.1980); *Barker v. United States,* 579 F.2d 1219 (10th Cir.1978); *United States v. Maggard,* 573 F.2d 926 (6th Cir.1978); *State v. Cartwright,* 246 Or. 120, 418 P.2d 822 (1966) (probation accompanied by suspension of imposition of sentence or suspension of pronounced sentence is "conviction" within meaning of statute); *State v. Bailey,* 461 So.2d 336 (La.App.1984). *Cf. Lewis v. United States,* 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980) (person convicted of being a felon in possession of a weapon may not defend on the ground that the predicate conviction was unconstitutionally obtained). *Accord, Clark v. Secretary of State,* 483 A.2d 708 (Me.1984). Second, we note that the Alaska legislature has exempted certain categories of persons from the firearms prohibition in AS 11.61.200(a)(1) by establishing specific affirmative defenses. *See* AS 11.61.200(b) which provides in relevant part:

(b) It is an affirmative defense to a prosecution under (a)(1) ... that

(1) the person convicted of the prior offense on which the action is based received a pardon for that conviction;

(2) the underlying conviction upon which the action is based has been set aside under AS 12.55.085 or as a result of post-conviction proceedings; or

(3) a period of five years or more has elapsed between the date of the person's unconditional discharge on the prior offense and the date of the possession, sale, or transfer of the firearm.

The legislature has not given those whose convictions are on appeal an affirmative defense.

Finally, the conclusion in this case is consistent with our prior decisions and those of the Alaska Supreme Court dealing with analogous situations. *See, e.g., Alexander v. State*, 578 P.2d 591 (Alaska 1978) (prior felony conviction, even though on appeal, sufficient to warrant probation revocation); *Wright v. State*, 656 P.2d 1226 (Alaska App.1983) (prior felony conviction, even though on appeal, a proper predicate for presumptive sentencing); *Bell v. State*, 658 P.2d 787 (Alaska App.1983) (*accord*).

In *Wright*, we followed the Restatement of Judgments in holding that if the predicate conviction were reversed, Wright would be entitled to resentencing on his second conviction. *Restatement (Second) of Judgments* §§ 13, 16 and comments (1982). The federal cases hold that a person convicted of being a felon in possession of a concealable weapon is not entitled to post-conviction relief where his predicate conviction is reversed on appeal. *See e.g., United States v. Leonard*, 630 F.2d 789 (10th Cir.1980). *State v. Gore*, 101 Wash.2d 481, 681 P.2d 227 (1984) (where predicate offense was reversed due to insufficient evidence, subsequent "felon in possession of firearm" offense must also be reversed). We do not decide that issue in this case.

Berg next argues that the trial court failed to present exculpatory evidence to the grand jury in violation of his rights under Alaska Rule of Criminal Procedure 6(q). *See, e.g., Frink v. State*, 597 P.2d 154 (Alaska 1979); *Tookak v. State*, 648 P.2d 1018 (Alaska App.1982), *appeal after remand*, 680 P.2d 509 (Alaska App.1984). Upon closer examination, it is clear that Berg's argument is but a restatement of his first contention, that the appeal of his predicate conviction and accompanying stay precluded, as a matter of law, prosecution for the weapons offense. Since we have rejected Berg's legal position, we find no error in the prosecution's failure to inform the grand jury that Berg's predicate conviction was on appeal.

We note that Berg has not raised issues regarding the appropriate *mens rea* of the offense in question. Thus, he has not argued that regardless of the legal effect of an appeal, he mistakenly, but in good faith, believed that he could possess weapons because of the appeal. *But see, People v. Snyder*, 32 Cal.3d 590, 186 Cal.Rptr. 485, 652 P.2d 42 (1982) (prior felon need not know that his possession of a firearm is illegal in order to be prosecuted for weapons offense). We do not decide the question of *mens rea* at this time.

The judgment of the superior court is AFFIRMED.