The **PEOPLE** of the State of Colorado,
Plaintiff–Appellee,

v.

Herbert Andrew **ALLAIRE**,
Defendant–Appellant.

No. 90CA1874.

Colorado Court of Appeals,
Div. III.

May 21, 1992.

Rehearing Denied July 2, 1992.
Certiorari Denied Jan. 19, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Laurie A. Booras, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Robin Desmond, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge JONES.

Herbert Andrew Allaire, defendant, appeals the judgment of conviction entered upon a jury verdict finding him guilty of possession of a weapon by a previous offender. We affirm.

On October 22, 1990, defendant was convicted by a jury of possession of a weapon by a person previously convicted of "a felony involving the use of force or violence," pursuant to § 18–12–108, C.R.S. (1986 Repl. Vol. 8B). The evidence admitted to establish defendant's prior felony conviction showed that he had pleaded guilty to second degree assault, designated in the minute order as a class four felony. However, the minute order did not specify the circumstances of the crime or the statutory subsection under which defendant had been convicted.

The trial court rejected defendant's jury instruction setting forth the elements of the weapons possession offense. Instead, over defendant's objections, the trial court submitted to the jury an elemental instruction which, rather than including the statutory element relating to a previous conviction of "a felony involving the use of force or violence or the use of a deadly weapon," included language which stated that defendant had been convicted "of the crime of Assault in the Second Degree."

## I.

The trial court ruled that, because second degree assault is included as a crime within the definition of a "crime of violence," § 16–11–309(2)(a)(I), C.R.S. (1986 Repl. Vol. 8A), it is also a "felony involving the use of force or violence." In claiming error, defendant refers to the crime of assault in the second degree as defined in § 18–3–203(1)(e), C.R.S. (1986 Repl. Vol. 8B) which involves injury to another resulting from the administration of a drug or other substance. We agree that the court erred in expressing its rationale. However, we further conclude that the jury instruction was correct.

## A.

Defendant contends that the trial court erred by instructing the jury that proof of a conviction of second degree assault would be sufficient to establish the prior "felony involving force or violence" element of the weapon possession crime. We agree in part but conclude that no reversible error occurred.

Second degree assault is included under the definition of "crime of violence" along with several specifically enumerated felonies, including murder, kidnapping, sexual assault, arson, burglary, escape, and criminal extortion. Pursuant to the statute defining second degree assault, one may only be convicted of a crime of violence in conjunction with second degree assault if the assault was committed: "with the intent to cause bodily injury ... by means of a deadly weapon; or if the defendant recklessly causes serious bodily injury ... by means of a deadly weapon; or if, with the intent to cause bodily injury to another person,

the defendant causes serious bodily injury to that person or another." Section 18–3–203(1)(b), (d), and (g), C.R.S. (1986 Repl.Vol. 8B).

However, the crime of second degree assault, when it is classified as a class four felony, may also be committed by means other than those enumerated under the "crime of violence" statute. Thus, the trial court erred in its specific ruling that second degree assault always involves force or violence as a matter of law because it is included as a crime within the definition of a "crime of violence."

### B.

■ Defendant also contends that the trial court erred in instructing the jury that second degree assault involves force or violence as a matter of law. Specifically, he argues that one method of committing second degree assault does not involve force or violence and that the instruction was therefore erroneous. We disagree.

Under § 18–3–203(1)(e), C.R.S. (1986 Repl.Vol. 8B), second degree assault includes intentionally causing "stupor, unconsciousness, or other physical or mental impairment or injury to another by administering to him, without his consent, a drug, substance, or preparation capable of producing the intended harm" for a purpose other than lawful medical or therapeutic treatment.

*Black's Law Dictionary* 580 (5th ed. 1979) defines force as "constraining power, compulsion; strength directed to an end." *Webster's Third New International Dictionary* 887 (1981) defines force as "power, violence, compulsion, or constraint exerted upon or against a person or thing." *See People v. Gallegos*, 193 Colo. 108, 563 P.2d 937 (1977).

Use of drugs to cause stupor, unconsciousness, or other physical or mental impairment or injury inherently involves constraint or compulsion. It is an application of force, although by chemical rather than mechanical means. *See* 6A C.J.S. *Assault and Battery* § 66 at 435 (1975). *See also* 2 C. Torcia, *Wharton's Criminal Law* § 184 (14th ed. 1979). Thus, we conclude that an

assault under § 18–3–203(1)(e) does involve force or violence.

Therefore, because all of the relevant means by which second degree assault, as a class four felony, can be committed involve the use of force, the trial court did not err in its instruction.

The foregoing also disposes of defendant's contention that there was insufficient evidence to establish that he was previously convicted of a crime involving force or violence.

### II.

Defendant next contends that the trial court erred in entering judgment of conviction here because the evidence was insufficient to establish that he had been previously convicted. We do not agree.

To establish that defendant previously had been convicted of second degree assault, the People presented evidence that he had pleaded guilty and had received a deferred judgment which was later revoked. There was no evidence presented, however, that defendant had been sentenced following the revocation. Defendant argues that the phrase "previously convicted" in § 18–12–108 means a "judgment of conviction" which includes both a formal adjudication of guilt and sentence.

■ Crim.P. 32(c) defines judgment of conviction as "a recital of the plea, the verdict or findings, the sentence, the finding of the amount of presentence confinement, and costs, if any." However, the term "conviction" also has a less formal meaning: the establishment of guilt by a plea or verdict of guilty prior to judgment and sentencing. *See Swift v. People*, 174 Colo. 259, 488 P.2d 80 (1971); *People v. Ball*, 813 P.2d 759 (Colo.App.1990).

■ Which meaning should be ascribed to the term "conviction" in a particular statute depends on the statutory language and the legislative intent. *See People v. Jacquez*, 196 Colo. 569, 588 P.2d 871 (1979); *Swift v. People, supra; People v. Ball, supra.*

In *People v. Jacquez, supra,* the court held that the habitual criminal statute requires proof of a previous judgment of conviction because the statute expressly referred to "former conviction or convictions and *judgment or judgments.*" By contrast, the term "conviction," used without any reference to judgment, means merely the establishment of guilt by plea or verdict. *See Hafelfinger v. District Court,* 674 P.2d 375 (Colo.1984); *People v. Baca,* 44 Colo.App. 167, 610 P.2d 1083 (1980).

Under § 16–7–206(3), C.R.S. (1986 Repl. Vol. 8A), acceptance of a guilty plea acts as a "conviction." Thus, deferred judgment under § 16–7–403(1), C.R.S. (1991 Cum. Supp.) is granted after acceptance of a guilty plea. *See Hafelfinger v. District Court, supra.*

Section 18–12–108 applies to persons "previously convicted." It contains no reference to judgment or judgment of conviction. We conclude that the phrase "previously convicted," in § 18–12–108, does not refer to a previous judgment of conviction. The element is satisfied by proof of a guilty plea and deferred judgment; a judgment of conviction and sentencing are not required. *See Hafelfinger v. District Court, supra* (guilty plea followed by a deferred judgment is a conviction within the meaning of the bail bond statute). To the extent that *Weber v. Colorado State Board of Nursing,* 830 P.2d 1128 (Colo.App.1992), which is distinguishable from this case on the facts and the law, may be interpreted differently, it is not applicable here and we decline to follow it.

This construction is consistent with the purpose of § 18–12–108, which is to limit possession of firearms by persons whose past conduct demonstrates their unfitness to be entrusted with such deadly weapons. *See People v. Tramaglino,* 791 P.2d 1171 (Colo.App.1989). A person who pleads guilty to a crime involving force or violence admits actions showing unfitness to possess a firearm. Requiring formal judgment and sentencing would not further the purposes for which the General Assembly promulgated the statute.

III.

Defendant, finally, contends that the trial court erred in failing to provide him with an adequate advisement as required by *People v. Curtis,* 681 P.2d 504 (Colo.1984). He argues that the advisement given him was inadequate because it did not inform him that the jury could be instructed to consider convictions brought out on cross-examination only as they bear on his credibility and that they could not be used as proof of the "previously convicted" element of § 18–12–108. We perceive no error.

The record supports the trial court's finding that defendant understood the written *Curtis* advisement form used here. The form advised him that the jury could be instructed to consider a prior felony conviction brought out on cross-examination "only as it relates to whether you are telling the truth or not."

We perceive no significant difference between this advisement and the advisement held adequate in *People v. Ball, supra,* and, therefore, conclude that the trial court did not err in advising defendant.

The judgment is affirmed.

METZGER and RULAND, JJ., concur.