**Charles L. BRANT, Appellant,**

v.

**STATE of Alaska, Appellee.**

**Richard Archambault, Appellant,**

v.

**State of Alaska, Appellee.**

**Nos. A–6879, A–6978.**

Court of Appeals of Alaska.

Nov. 19, 1999.

Nelson Traverso, Assistant Public Advocate, Fairbanks, and Brant McGee, Public Advocate, Anchorage, for Appellant Charles L. Brant.

Susan Downie, Assistant Public Defender, Fairbanks, and Barbara K. Brink, Public Defender, Anchorage, for Appellant Richard Archambault.

Eric A. Johnson, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

STEWART, Judge.

The single issue presented in these two consolidated appeals is whether these two appellants were "convicted of a felony" for purposes of AS 11.61.200(a)(1) (felon in possession of a concealable firearm) when they possessed a concealable firearm after they had been found guilty of a felony but before sentence was imposed. We conclude that defendants who have entered a plea or have been found guilty of a felony at trial are "convicted of a felony" for purposes of this statute.

*Facts and proceedings*

On February 14, 1995, Charles L. Brant pled no contest to third-degree assault, a class C felony.[1] On February 23, 1997, a

---

1. *See State v. Brant*, No. 4FA–S94–3216CR; AS 11.41.220(a)-(d).

police officer found Brant intoxicated and seated in a car, with a small pistol on the seat beside him. Brant had still not been sentenced on the third-degree assault charge. The grand jury indicted Brant on one count of third-degree misconduct involving weapons for being a felon in possession of a concealable firearm.[2] Superior Court Judge Dale O. Curda found Brant guilty after a court trial. Judge Curda rejected Brant's argument that he had to be sentenced on the prior third-degree assault felony before he could be considered "convicted of a felony" under AS 11.61.200(a)(1).

Richard Archambault pled no contest to a charge of third-degree assault.[3] Before Archambault was sentenced, an Alaska State Trooper discovered that Archambault possessed a handgun on July 3, 1997. The grand jury indicted Archambault for third-degree misconduct involving weapons. Superior Court Judge Niesje J. Steinkruger rejected Archambault's argument that, because he had not been sentenced on third-degree assault charge, he was not a felon in possession. Archambault was convicted by a jury.

*Discussion*

■ This case presents a question of statutory interpretation. We review this issue *de novo* and adopt the rule of law that is most persuasive in light of precedent, policy, and reason.[4]

■ Brant and Archambault were convicted of violating AS 11.61.200(a)(1). That statute provides in relevant part that a "person commits the crime of misconduct involving weapons in the third degree if the person ... knowingly possesses a firearm capable of being concealed on one's person after having been convicted of a felony[.]"[5] There is no definition of the phrase "convicted of a felony" or the term "convicted" contained within Title 11.

Alaska courts have not decided if the legislature intended that defendants who have been found guilty on a felony based on a plea but have not yet been sentenced are "convicted of a felony." In *Berg v. State,* this court decided a defendant was "convicted of a felony" under AS 11.61.200(a)(1) when the defendant's sentence for the prior felony was stayed while the case was on appeal.[6] Berg argued that "convicted" in that statute could be interpreted either of two ways: first, the ordinary meaning that a defendant is "convicted" after a finding of guilt by a jury or other factfinder, or second, a more restrictive and technical meaning, that a defendant is "convicted" when a final judgment is entered and the time for appeal has run.[7] Because "convicted" was not defined in the criminal code, Berg argued that the court should interpret the term most favorably to criminal defendants and adopt the more restrictive and technical interpretation.

This court rejected Berg's argument for the more restrictive and technical interpretation. But the opinion expressed that decision in broader terms than were necessary to the resolution of that case. The opinion stated: "We hold that a person has been 'convicted of a felony' when the appropriate trier of fact has made a determination of guilt and sentence has been imposed."[8] That statement, examined in isolation, seems to control the issue in this case. But the issue in this case, whether sentence has to be imposed before a defendant is "convicted" for purposes of AS 11.61.200(a)(1), was neither raised nor argued in *Berg.*

We now stand at another interpretive crossroads. Brant and Archambault urge us to follow the path described by this court's broad statement in *Berg* and construe "convicted of a felony" in AS 11.61.200(a)(1) to mean that a defendant must be convicted *and* sentenced on the prior felony. The appellants argue that this interpretation construes the statute strictly against the govern-

2. AS 11.61.200(a)(1).

3. *See State v. Archambault,* No. 4FA–S97–267CR.

4. *See Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

5. AS 11.61.200(a)(1).

6. 711 P.2d 553, 554 (Alaska App.1985).

7. *Id.*

8. *Id.*

ment. On the other side, the State urges us to follow the precedent of other jurisdictions that have interpreted felon-in-possession statutes similar to AS 11.61.200(a)(1). The State stresses the public policy of controlling felon's access to concealable firearms. The other jurisdictions cited by the State do not require that a defendant be both convicted and sentenced to be culpable under their statutes.[9]

Our courts have recognized the policy underlying felon-in-possession statutes. For example in *Davis v. State,* our supreme court commented as follows: "The purpose of the felon in possession statute is to prevent the concealment and use of firearms in violent crime."[10] And in *McCracken v. State,* this court observed that "the state has a substantial interest in controlling access to concealable firearms by persons previously convicted of a felony."[11] The public safety purpose of the statute stems from a conclusion that a felon's past conduct reflects on the felon's fitness to possess a concealable firearm. That past conduct is proven factually—beyond a reasonable doubt—when a court accepts a defendant's plea to a felony or when a defendant is convicted of a felony in a court or a jury trial. The procedural step of sentencing does not provide any additional confirmation that a defendant engaged in conduct that permits classification of the defendant as a felon.

The legislature frequently defines crimes in our criminal code on the basis of a defendant's criminal history. In some crimes, the legislature defines the crime to require not only that the defendant has been both "convicted," but that the defendant has been "convicted and sentenced."[12] Thus, the legislature, in at least those crimes just noted, regarded a defendant's status as "sentenced"

as a separate fact to be proven along with the defendant's status of "convicted." In AS 11.61.200(a)(1), the legislature only specified that a defendant be "convicted" and did not require that a defendant also be "sentenced" as an additional factual element of the crime.

In light of the precedent, policy, and reasoning discussed above, we conclude that the most persuasive interpretation of "convicted" is the interpretation first raised in *Berg,* that a defendant is "convicted of a felony" for purposes of AS 11.61.200(a)(1) when a defendant has been found guilty by a jury or other factfinder. We conclude that AS 11.61.200(a)(1) does not require proof that a defendant has also been sentenced on that felony conviction. Therefore, we affirm the judgments of the superior court.

### Conclusion

The judgments of the superior court are AFFIRMED.

MANNHEIMER, Judge, concurring.

I concur in the result reached by Judge Stewart, but I differ from him in my approach to the question of statutory interpretation presented in this appeal.

Judge Stewart's opinion repeatedly refers to and relies on the supreme court's statement in *Guin v. Ha* that, when a court is required to decide a question of law, the court's "duty is to adopt the rule of law that is most persuasive in light of precedent, policy, and reason."[1] This statement is only partially true.

The statement applies in full measure when a court must declare the common law.[2]

---

**9.** See *People v. Allaire,* 843 P.2d 38, 39 (Colo.App. 1992); *State v. Holmes,* 222 Kan. 212, 563 P.2d 480, 482 (1977); *State v. Carr,* 487 So.2d 147, 148 (La.App.1986). *See also State v. Dintelman,* 112 Or.App. 350, 829 P.2d 719, 720 (1992) (requiring conviction and imposition of sentence where trial judge in prior felony retained option to sentence defendant as a misdemeanant.)

**10.** 499 P.2d 1025, 1038 (Alaska 1972), *rev'd on other grounds, Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).

**11.** 743 P.2d 382, 384 (Alaska App.1987).

**12.** AS 11.46.130(a)(6); AS 11.46.140(a)(3); AS 11.46.220(c)(1)(C); AS 11.46.220(c)(2)(B).

**1.** 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

**2.** See, *e.g.,* the Alaska Supreme Court's recent decision in *Flynn v. E.I. du Pont de Nemours & Company,* 988 P.2d 97, 98 (Alaska 1999), defining the legal standard governing modification of pre-trial discovery orders and assigning the bur-

But when a court construes a statute, the court's task is to ascertain and implement the intent of the legislature.[3] In accomplishing this task, the court's primary point of reference is the wording of the statute.[4] When that wording is unclear or ambiguous, a court may be assisted by "precedent, policy, and reason"—as well as by the statute's legislative history and the recognized rules of statutory construction. But a court exceeds its authority if it interprets statutes as it believes the legislature should have meant them. To the extent that Judge Stewart's opinion and the passage from *Guin v. Ha* suggest otherwise, I respectfully disagree.

Turning to the issue presented in this appeal—the meaning of the phrase "after having been convicted of a felony" contained in AS 11.61.200(a)(1)—I concur that this phrase encompasses defendants who have been found guilty but who have not yet been sentenced. I reach this conclusion for four reasons.

First, I agree with Judge Stewart that, for purposes of this case, the definition of "convicted of a felony" adopted by this court in *Berg v. State*[5] is dictum.

Second, AS 11.61.200(a)(1) uses the phrase "convicted of a felony" as part of a longer phrase. The relevant portion of the statute reads: "after having been convicted of a felony or·adjudicated a delinquent minor for

conduct that would constitute a felony if committed by an adult". Both the Alaska Statutes and the Alaska Delinquency Rules repeatedly refer to the "adjudication" of a delinquent minor as the fact-finding stage of the juvenile proceeding—the stage at which a judge or a jury determines whether the minor has violated the criminal law. That is, a minor is first "adjudicated a delinquent", and then the superior court holds a disposition hearing to determine what should be done with the minor.[6] Because the phrase "adjudicated a delinquent minor" refers to the fact-finding process, not the sentencing process, an analogous interpretation presumably should be applied to the companion phrase, "convicted of a felony".[7]

Third, this construction of AS 11.61.200(a)(1) promotes the legislative policy that underlies all statutes that prohibit felons from possessing firearms—the perception that people who commit serious crimes can not be trusted to use firearms responsibly.[8] For purposes of this policy, the crucial event is the finding that a defendant has committed a felony, not the later sentencing.

Fourth, this construction of AS 11.61.200(a)(1) accords with other states' interpretation of similar statutes. *See People v. Allaire* (Colorado)[9], *State v. Holmes* (Kansas)[10], and *State v. Carr* (Louisiana)[11].

den of proof to the party seeking the modification.

3. *See Sakeagak v. State*, 952 P.2d 278, 284 (Alaska App.1998); *Millman v. State*, 841 P.2d 190, 194 (Alaska App.1992).

4. "Interpretation of a statute begins with an examination of its language construed in light of its purpose." *Beck v. State Dept. of Transportation & Public Facilities*, 837 P.2d 105, 116–17 (Alaska 1992).

5. 711 P.2d 553, 554 (Alaska App.1985).

6. The following statutes use the term "adjudication" in the sense of fact-finding, not sentencing: AS 12.61.010(a)(1)(B); AS 18.15.300(g); AS 47.12.040(a)(1); AS 47.12.110(d); and AS 47.12.120(b)(4)(A).
   Alaska Delinquency Rules 2(a) and 21(a) explicitly define "adjudication hearing" as the fact-finding proceeding in which a judge or jury determines whether the minor has violated the criminal law. In fact, Delinquency Rule 21(c)

refers to an "adjudication by jury"—a phrase that would make no sense if "adjudication" referred to the final entry of judgement and imposition of sanctions. Rather, Delinquency Rules 17(b), 21, and 23 explicitly distinguish between the "adjudication" (the formal finding that a minor has or has not violated the criminal law) and the "disposition" (the judge's decision as to what should be done with a minor after the minor is found to be delinquent).

7. In the law of statutory construction, this principle is sometimes referred to as *noscitur a sociis*. *See Olson v. Olson*, 856 P.2d 482, 484 n. 2 (Alaska 1993).

8. *See State v. Samonte*, 83 Hawai'i 507, 928 P.2d 1, 29 (1996); *People v. Allaire*, 843 P.2d 38, 41 (Colo.App.1992); *State v. Holmes*, 222 Kan. 212, 563 P.2d 480, 482 (1977).

9. 843 P.2d 38, 39 (Colo.App.1992).

10. 222 Kan. 212, 563 P.2d 480, 482 (1977).

For these reasons, I conclude that AS 11.61.200(a)(1) applies to all persons who have been found guilty of a felony, regardless of whether they have yet been sentenced. Thus, Brant and Archambault were properly convicted of violating this statute.

I wish to stress that the issue in this case is the proper interpretation of AS 11.61.200(a)(1). It is possible that the phrase "convicted of a felony", used in other statutes and in other contexts, should be interpreted to require a formal entry of judgement following sentencing. For example, compare *State v. Rastopsoff*, where this court held that a defendant should not be considered a repeat felony offender for presumptive sentencing purposes unless the defendant committed the subsequent felony after being sentenced for prior offenses.[12] But with regard to the felon-in-possession statute, I conclude that the legislature intended that the triggering event be the finding of guilt, not the sentencing.

COATS, Chief Judge, dissenting.

The question before us is a question of statutory interpretation. Charles L. Brant and Richard Archambault had entered pleas to felony charges but had not yet been sentenced. The state charged them under AS 11.61.200(a)(1) for being felons in possession of a concealable firearm. Brant and Archambault defended on the ground that, since they had not been sentenced, they had not yet been "convicted of a felony" for purposes of AS 11.61.200(a)(1). The trial courts rejected the defendants' interpretation of the statute. On appeal, the majority of this court upholds those convictions. I dissent from this conclusion. It is a fundamental principle of statutory construction that "[a]mbiguities in criminal statutes must be narrowly read and construed strictly against the government."[1] Since we have previously interpreted AS 11.61.200(a)(1) to require a de-

fendant to have been sentenced for a felony offense before he has been "convicted of a felony," I conclude that we should reverse the defendants' convictions.

Alaska Statute 11.61.200(a)(1) states: "A person commits the crime of misconduct involving weapons in the third degree if the person (1) knowingly possesses a firearm capable of being concealed on one's person after having being convicted of a felony ... by a court of this state[.]" The phrase "convicted of a felony" is not explained by the statute. Likewise, the word "convicted" is not defined in AS 11.81.900 which contains the definitions for purposes of Title 11, the title on criminal law. Therefore, the statute itself does not clearly designate when a person has been convicted for purposes of applying the statute.

In *Berg v. State*[2] the defendant was convicted of being a felon in possession of a concealable firearm under AS 11.61.200(a)(1). The defendant argued that since, at the time he possessed the firearm, his underlying felony conviction was on appeal and his sentence was stayed, he could not be convicted as a felon in possession of a concealable firearm. We rejected defendant's arguments, stating:

> We hold that a person has been "convicted of a felony" when the appropriate trier of fact has made a determination of guilt and sentence has been imposed. A timely appeal does not suspend a conviction, even though a formal stay is entered under [the Appellate Rules].[3]

Therefore, we have previously interpreted the phrase "convicted of a felony" in AS 11.61.200(a)(1) to require the court to sentence a defendant. The majority rejects this language as *dicta,* because it was not strictly necessary to decide whether Berg's conviction became final before or after the court sentenced him to decide the case. But the language in *Berg* tracks prior decisions.[4] For

---

**11.** 487 So.2d 147, 148 (La.App.1986).

**12.** 659 P.2d 630, 640–41 (Alaska App.1983).

**1.** *State v. Andrews,* 707 P.2d 900, 907 (Alaska App.1985) aff'd 723 P.2d 85 (Alaska 1986); *See also* 3 NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 59.03 (5th ed. 1992).

**2.** 711 P.2d 553 (Alaska App.1985).

**3.** *Id.* at 554.

**4.** *See State v. Carlson,* 560 P.2d 26, 30 (Alaska 1977); *State v. Rastopsoff,* 659 P.2d 630, 641 (Alaska App.1983); *Sawyer v. State,* 663 P.2d 230 (Alaska App.1983).

instance, in *Sawyer v. State*[5] we were called upon to decide when a person had been previously "convicted of a felony" for purposes of applying presumptive sentencing. We held that:

> [A] person has not been convicted of a felony offense, for presumptive sentencing purposes, until after he has been sentenced on the first felony offense.

In reaching this conclusion, we relied on several previous cases, including *State v. Carlson*[6] where the supreme court held that "in order for a felony conviction to count toward habitual criminal status an offender must commit a felony, be convicted therefor, and begin to serve his sentence before the commission of a subsequent felony." In *Sawyer*, we set out policy reasons for holding that a conviction was final only after the court imposed sentence:

> We conclude that the policy set forth in *Carlson* seems to be better fulfilled by establishing the time of sentencing as the point when the conviction is final, rather than the time when there is a finding of guilty or a plea of guilty or *nolo contendere*. At sentencing the defendant will be made aware of the punishment that was the result of his criminal offense.
>
> We have also considered the fact that a finding of guilty by a jury or the entry of a plea of *nolo contendere* is not as clearly a final conviction as is the sentencing proceeding. For instance, after a defendant is found guilty by a jury, the court may still grant a motion for judgment of acquittal or a motion for a new trial. After a defendant has entered a plea of guilty and that plea is accepted by the court, he may withdraw his plea before sentencing "for any fair and just reason." The rules also require the court to inquire about the defendant's plea just prior to sentencing. We conclude that

it is preferable to have a clear and definite time when a conviction will be final and that this time is the time of sentencing. We therefore hold that a defendant has not been finally convicted on a charge, for presumptive sentencing purposes, until he has been sentenced on that charge.[7]

For purposes of applying the felon in possession statute, there is another policy reason for waiting until sentence is imposed to finalize the felony conviction. This gives the court the opportunity to inform the defendant of the felon in possession statute. The state points out that the holding in *Sawyer* has apparently been modified by AS 12.55.145.[8] But as the defendants point out, AS 12.55.145(f) specifically provides that it is limited to the presumptive sentencing section. The point is that the language in *Berg* was not an accident or an oversight, but a reflection of a substantial body of Alaska case law. It is appropriate for us to rely on this case law in interpreting the statute.

I do not want to overstate the case. In *Larson v. State*, we stated that "the word 'conviction' may have different meanings depending on the context in which it is used."[9] For instance, in *Kelly v. State*[10] we noted that "[t]he term 'conviction' does not always denote a formally entered judgment." In *Kelly*, we held that a witness could be impeached by evidence of a prior conviction of dishonesty or false statement under Evidence Rule 609 where the "verdict of guilt has been accepted but sentencing has not yet occurred."[11] But in *Kelly*, we were not construing a statute defining a criminal offense. Furthermore, *Kelly* and *Larson* illustrate that the phrase "convicted of a felony" is ambiguous.

As stated earlier, "[a]mbiguities in criminal statutes must be narrowly read and con-

---

**5.** 663 P.2d 230 (Alaska App.1983).

**6.** 560 P.2d 26, 30 (Alaska 1977).

**7.** *Sawyer*, 663 P.2d at 231–32 (citations omitted).

**8.** AS 12.55.145 defines when prior convictions are to be considered for presumptive sentencing. AS 12.55.145(f) provides:

> Under this section, a prior conviction has occurred when a defendant has entered a plea of

guilty, guilty but mentally ill, or nolo contendere, or when a verdict of guilty or guilty but mentally ill has been returned by a jury or by the court.

**9.** *Larson v. State*, 688 P.2d 592, 597 (Alaska App.1984).

**10.** 663 P.2d 967, 971 (Alaska App.1983).

**11.** *Id.* at 972.

strued strictly against the government." [12] I believe that the holding in *Berg*, as supported by substantial case law, demonstrates that the language "convicted of a felony" is ambiguous, and that we must strictly construe that language against the government. It seems fundamentally unfair to convict a defendant based upon an ambiguous statute.

I fail to see that strictly construing the felon in possession statute is inconsistent with a legislative purpose to protect the public. Any defendant who has entered a plea of guilty or been found guilty of a felony charge is subject to conditions of bail. The public can be adequately protected by appropriate bail conditions. Accordingly, I would reverse the defendants' convictions.

---

**12.** *Andrews,* 707 P.2d at 907. *See also* SINGER, *supra* Note 1.