UNITED STATES of America,
Plaintiff–Appellee,

v.

Thomas W. GREENBERG,
Defendant–Appellant.

No. 03–30138.

United States Court of Appeals,
Ninth Circuit.

Submitted July 6, 2004.*

Decided July 16, 2004.

Frank V. Russo, USAK—Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Kevin F. McCoy, Esq., FPDAK—Federal Public Defender's Office, Anchorage, AK, for Defendant–Appellant.

Before: HALL, KLEINFELD, and WARDLAW, Circuit Judges.

MEMORANDUM **

Thomas Greenberg challenges the district court's imposition of a 15–year sentence for his conviction of illegal weapons possession under 18 U.S.C. § 922(g). We affirm the decision below.

The district court properly held that Greenberg's guilty plea to third-degree assault in Alaska constituted a prior conviction of a violent felony within the meaning of the sentencing enhancement provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA imposes a minimum sentence of 15 years on a defendant who has violated 18 U.S.C. § 922(g) and has "three previous convictions . . . for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). The statute defines a "violent felony" as any

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

crime punishable by more than one year in prison

that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The Supreme Court has mandated a "categorical approach" to sentencing under the ACCA, holding that § 924(e)(2)(B)(ii) "generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The underlying statute for Greenberg's prior offense, Alaska Statute § 11.41.220, provides that a person is guilty of third-degree assault if he

(1) recklessly

(A) places another person in fear of imminent serious physical injury by means of a dangerous instrument; [or]

(B) causes physical injury to another person by means of a dangerous instrument.

Alaska Stat. § 11.41.220.

Greenberg argues that third-degree assault does not qualify as a violent felony within the meaning of § 924(e)(2)(B) because it requires only a *mens rea* of "recklessness." This argument fails because Congress defined a "violent felony" in terms of *actus reus,* not *mens rea. See United States v. Springfield,* 829 F.2d 860,

863 n. 1 (9th Cir.1987) ("The legislative history indicates that Congress did not intend to limit 'crimes of violence' to crimes of specific intent. . . .").

The elements of Alaska Statute § 11.41.220 encompass the use or threatened use of physical force against another's person, and a defendant cannot be convicted of third-degree assault without having seriously risked causing physical injury to another. Thus, third-degree assault in Alaska qualifies as a violent felony under the ACCA.

Greenberg next argues that his guilty plea to the state assault charge may not be counted as a predicate felony because he had yet to be sentenced when the events underlying the federal charge occurred. The district court correctly rejected this argument.

Congress provided that "[w]hat constitutes a conviction" of a prior felony under § 924(e) "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). Alaska law provides that a conviction occurs when a defendant enters a guilty plea. Alaska Stat. § 12.55.145(f) (2003).[1] Therefore, Greenberg was deemed convicted of third-degree assault under Alaska law on November 2, 2001, when he entered his guilty plea on that charge. Because this occurred before his arrest on the § 922(g) charge, the district court properly applied Greenberg's state conviction to enhance his federal sentence.

**AFFIRMED.**

---

1. This subsection overturned the cases Greenberg cites on the subject, including *Sawyer v. State,* 663 P.2d 230 (Alaska Ct.App.1983). *See Brant v. State,* 992 P.2d 590, 595 (Alaska Ct.App.1999) (Coats, C.J., dissenting) (stating that "the holding in *Sawyer* has apparently been modified by AS 12.55.145").