NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>Pacific</u> <u>Reporter</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

# IN THE COURT OF APPEALS OF THE STATE OF ALASKA

|  |  |
|---|---|
| STATE OF ALASKA,<br><br>                     Appellant,<br><br>      v.<br><br>SAMMY ANDREANOFF,<br><br>                     Appellee. | Court of Appeals No. A-11955<br>Trial Court No. 4BE-14-20 CR<br><br><br>O P I N I O N<br><br><br>No. 2495 — March 4, 2016 |

Appeal from the District Court, Fourth Judicial District, Bethel, Nathaniel Peters, Judge.

Appearances: Lindsay Van Gorkom, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Daniel Doty, Assistant District Attorney, Bethel, and Michael C. Geraghty and Craig Richards, Attorneys General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge ALLARD.

In this appeal we are asked to decide how a defendant's speedy trial rights under Alaska Criminal Rule 45 should be calculated in cases where a trial court has

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

dismissed criminal charges on its own motion and the State later re-files those same charges.

Alaska Criminal Rule 45 governs a criminal defendant's statutory speedy trial rights under Alaska law. Under Rule 45, a defendant "shall be tried within 120 days ... from the date the charging document is served upon the defendant."[1] In cases where criminal charges are dismissed by the prosecution and later refiled by the prosecution, Rule 45(c)(2) provides that the time for trial continues to run from the date of service of the original charges. The same provision also provides that if the charges are dismissed by the court upon motion of the defendant, the time for trial begins running anew on the date the refiled charges are served on the defendant.[2]

The rule is silent, however, regarding what should occur when the dismissal is instigated neither by the prosecutor nor by the defense, but instead by the court on its own motion. That is what occurred here.

In this case, Sammy Andreanoff was arrested and charged with misdemeanor driving under the influence[3] and driving with a suspended license[4] following a traffic stop for reckless driving and a breath test that revealed a blood alcohol level above the legal limit.

At Andreanoff's arraignment, however, these charges were dismissed for lack of probable cause by the court on its own motion because the prosecutor failed to

---

[1] Alaska R. Crim. P. 45(b)-(c)(1).

[2] Alaska R. Crim. P. 45(c)(2).

[3] AS 28.35.030(a)(2).

[4] AS 28.15.291(a)(1).

provide sworn testimony or an affidavit from the arresting officer.[5] Andreanoff was therefore discharged from custody although the court explained to him that the dismissal was without prejudice and the State would likely refile the charges with the proper evidentiary support.

A week later, the State refiled the charges, this time accompanied by an affidavit by the arresting officer. But it was more than two months before the State was able to successfully serve Andreanoff with the refiled charges. At Andreanoff's second arraignment, the district court found probable cause and appointed counsel for Andreanoff. The court also set the case for the next trial calendar.

Shortly before Andreanoff's trial was scheduled to begin, Andreanoff's attorney asserted that the speedy trial time under Rule 45 had expired (or was close to expiring). The attorney argued that the court's *sua sponte* dismissal of the charges at his initial arraignment should be treated like a dismissal by the prosecution for purposes of Rule 45 because the prosecutor was aware that the charging document was deficient and yet failed to timely correct those deficiencies.[6] The defense attorney also argued that the

---

[5] *See* Alaska R. Crim. P. 5(d):
(1) If the defendant was arrested without a warrant, the judicial officer at the first appearance shall determine whether the arrest was made with probable cause to believe that an offense had been committed and that the defendant had committed it. This determination shall be made from the complaint, from an affidavit or affidavits filed with the complaint, or from an oral statement under oath of the arresting officer or other person which is recorded by the judicial officer. The determination shall be noted in the file.

. . . .

(3) If probable cause is not shown, the judicial officer shall discharge the defendant.

[6] *See* Alaska R. Crim. P. 45(c)(2).

State had not been diligent in serving Andreanoff with the refiled charges and therefore none of the intervening time should toll under Rule 45.[7]

The prosecutor argued that the court's dismissal should be treated like a dismissal upon motion of the defendant because Andreanoff benefited from the dismissal and because, had Andreanoff been represented by counsel at arraignment, his lawyer would undoubtedly have moved to dismiss on the same ground.

The district court ultimately found the defense attorney's argument more persuasive, ruling that the 120 days ran from the date of the original charges and the State's failure to timely serve Andreanoff with the refiled charges meant that none of this time was tolled. The court then dismissed the charges with prejudice, finding that the speedy trial guarantee under Rule 45 had been violated in this case.[8] The State appealed.

The proper interpretation of Rule 45 is a question of law.[9] We therefore review the district court's ruling *de novo* and interpret the rule in light of precedent, reason, and policy.[10] For the reasons explained here, we conclude that the district court erred in treating the court's *sua sponte* dismissal as a dismissal by the prosecution for purposes of Rule 45. We agree with the State that, in most circumstances, a court's *sua sponte* dismissal of criminal charges will benefit the defendant and will function similarly to a dismissal upon motion of the defendant for purposes of Rule 45. Because

---

[7]    *See* Alaska R. Crim. P. 45(d)(4) (excluding period of delay resulting from the absence or unavailability of the defendant).

[8]    Alaska R. Crim. P. 45(g).

[9]    *State v. Galbraith*, 199 P.3d 1216, 1218 (Alaska App. 2009).

[10]    *Todd v. State*, 917 P.2d 674, 677 (Alaska 1996); *cf. Brant v. State*, 992 P.2d 590, 592-93 (Alaska App. 1999) (Mannheimer, J., concurring) ("[w]hen a court construes a statute, the court's task is to ascertain and implement the intent of the legislature.").

that appears to be the case here, we reverse the district court's ruling, and remand this case to the district court for further proceedings consistent with this opinion.

> *Why we conclude that, in most circumstances, a trial court's dismissal of criminal charges on its own motion will function like a dismissal upon motion of the defendant for purposes of Rule 45*

> Criminal Rule 45(c)(2) provides, in relevant part:

> If a charge is dismissed by the prosecution, the refiling of the charge shall not extend the [time for trial]. If the charge is dismissed upon motion of the defendant, the time for trial shall begin running from the date of service of the second charge.[11]

Thus, under this provision, dismissals initiated by the defense are treated differently than dismissals initiated by the prosecution for purposes of calculating the defendant's speedy trial time under Rule 45.

Criminal Rule 45(c)(2) was amended to its current form in 1993 by Alaska Supreme Court Order 1127, and was based on ABA Standards for Criminal Justice 12-2.2(b) and 12-2.3(f).[12] The commentary to those standards explains that the primary justification for restarting the speedy trial clock when a charge is refiled after it has been dismissed on the defendant's motion is that a contrary rule would demand "perfection

---

[11]   Alaska R. Crim. P. 45(c)(2).

[12]   *See* Alaska Supreme Court Order 1127 (effective July 15, 1993); *see also* Memorandum from Cynthia M. Hora, Assistant Attorney General, to Christine Johnson, Court Rules Attorney, at 4-5 (Apr. 6, 1992); Minutes of Criminal Rules Committee, at 1 (Oct. 16, 1992); Memorandum from Christine Johnson, Court Rules Attorney, to the Supreme Court Justices, at 1 (Apr. 6, 1993); II *ABA Standards for Criminal Justice* §12-2.2(b) at 12-17, §12-2.3(f) at 12-27 (2d ed. 1986).

in charging" and place in the hands of the accused "a weapon to permit potential abuse."[13]

Different considerations apply, however, when it is the prosecution who dismisses criminal charges and then later refiles those same charges. In those circumstances, the concern is that the prosecution might be using the dismissal to evade the requirements of the speedy trial rule or to otherwise prejudice the defendant. As the ABA commentary explains: "If dismissal by the prosecutor were to operate so as to begin the time running anew upon a subsequent charge of the same offense, this would open a way for the complete evasion of the speedy trial guarantee."[14]

The State argues that a dismissal by the court on its own motion does not trigger these same concerns. The State points out that, in most instances, the court will be acting on its own motion because the defendant is unrepresented (as Andreanoff was at his arraignment). Likewise, in most instances, the dismissal will benefit the defendant.

We agree with the State that, in most cases, the defendant will be the beneficiary of a court's *sua sponte* dismissal of criminal charges, and there is generally little risk that such dismissals will be aimed at evading the speedy trial requirements or otherwise gaming the system.[15]

---

[13] II *ABA Standards for Criminal Justice* §12-2.2(b) cmt. at 12-24 - 12-25 (2d ed. 1986) (quoting *People v. Hamby*, 190 N.E.2d 289, 291 (Ill. 1963)).

[14] II *ABA Standards for Criminal Justice* §12-2.3(f) cmt. at 12-33 (2d ed. 1986) (citation and quotation marks omitted).

[15] *Accord U.S. v. Feldman*, 788 F.2d 544, 549 (9th Cir. 1986) (holding that where the defendant benefited by a trial court's *sua sponte* dismissal, that dismissal should be treated as though the court had acted on a defendant's own motion for purposes of the federal speedy trial act). *See generally* John H. Derrick, Annotation, *Application of Speedy Trial Statute to Dismissal or Other Termination of Prior Indictment or Information and Bringing of New Indictment or Information*, 39 A.L.R. 4th 899 (originally published in 1985; updated to (continued...)

We recognize, however, that this may not be true in all cases. In his briefing on appeal, Andreanoff argues that there may be situations where a defendant might choose to forgo an otherwise meritorious motion to dismiss in favor of his speedy trial rights. For example, a defendant who knows that the dismissal will be without prejudice, and that the State will almost certainly refile the charges, might choose not to file a motion to dismiss because he is concerned about any additional delay in resolving his case and the prejudice that could be caused by that delay.

Andreanoff points out that one of the material distinctions between a dismissal by the prosecution and a dismissal upon motion of the defendant is that the defendant has control over whether or not to file a motion to dismiss. He argues that this is the distinction that should govern our analysis here, and therefore a *sua sponte* dismissal by the court (over which the defendant has no control) should be treated like a dismissal by the prosecution for purposes of the defendant's Rule 45 speedy trial rights.

We conclude that we need not reach the question of how Rule 45 should be calculated in cases where the defendant objected to the court's dismissal of the criminal charges or cases where it was reasonably foreseeable that the dismissal would prejudice the defendant because those are not the circumstances here.

Here, Andreanoff did not object to the court's dismissal of the criminal charges against him and he clearly benefited from it: he was released from custody and was not subject to bail or other conditions of pretrial release during the time between the dismissal and service of the refiled charges. We see no reason, on the record currently before us, to believe that the outcome of the arraignment would have been any different if Andreanoff had been represented by counsel at the time. Indeed, we agree with the State that had Andreanoff been represented, it is likely that his counsel would have

---

[15] (...continued)
2015).

moved to dismiss the charges for lack of probable cause on the same ground that the court dismissed them, or, at the very least, acquiesced in the court's decision to do so.

In addition, although Andreanoff faults the prosecutor for failing to correct obvious deficiencies in the charging document and for failing to ensure that the refiled charges were timely served, there is no indication that the State's mistakes in this case were caused by anything other than simple negligence. Nor does Andreanoff appear to claim that he was actually prejudiced by either the dismissal or the delay in service.

Given this record, we conclude that the district court erred in running Rule 45 from the date that the original charges were served on Andreanoff. Instead, we conclude that, because the court's dismissal of the charges at arraignment functioned similarly to a dismissal upon motion of the defendant, the Rule 45 time should have begun anew on the date Andreanoff was served with the refiled charges.

*Conclusion*

We REVERSE the district court's judgment and REMAND this case to the district court for further proceedings consistent with this opinion. We do not retain jurisdiction.